ALLEN *et al. v.* FAIRBANKS.

*(Circuit Court, D. Vermont. October 22, 1889.)*

1. ABATEMENT AND REVIVAL—DEATH OF PARTY—SCIRE FACIAS TO REVIVE.
   It is not a ground for a motion to dismiss a *scire facias* to revive a suit upon the death of a defendant, that the bill does not state a cause of action, or is not sustained by the proofs.
2. SAME—CORPORATIONS—STOCKHOLDERS—CONTRIBUTION.
   The liability of a stockholder to contribute towards debts of the company paid by other stockholders survives him.

In Equity. On motion to dismiss a *scire facias* to revive an action.

*Daniel Roberts,* for orators.

*Henry C. Ide,* for defendant.

WHEELER, J. Upon the death of the defendant a *scire facias* issued to revive the cause, pursuant to section 955, Rev. St. The executors appear, and move to dismiss the *scire facias* and the bill as to them, because the action does not survive. That the bill sets forth no ground for relief, and the plaintiff's proof establishes none, is urged against survival; because, if no cause of action existed, none could survive. But, whether the bill is demurrable or not, or is or is not sustained by proof, cannot be tried in this manner. The question is not whether the plaintiffs maintained their cause of action by their pleadings or their proofs, but whether their cause of action is such that they so have a right to maintain it if they can. The cause of action is the liability of the testator as a stockholder in the Illinois & St. Louis Bridge Company, a corporation of Illinois, Missouri, and the United States, for whose debts the stockholders were, under some circumstances, chargeable, to contribute towards debts paid by the other stockholders. The liability may not exist, those seeking contribution may not have become entitled to it, and the testator may not have been brought within the liability; but whether so or not are questions to be tried, and the orators cannot be deprived of the right to have them tried by pointing to the probable result. If success upon these questions will entitle the orators to relief, they cannot be deprived of the right to try to succeed because they may, or probably will, fail. Generally those who are subject to a common

burden are holden to bear it equally and ratably.  *Deering* v. *Earl of Winchelsea*, 2 Bos. & P. 270; *Miller* v. *Sawyer*, 30 Vt. 412; *Pollard* v. *Bailey*, 20 Wall. 520.  The orators seek to bring the testator within this rule, and to have the common burden made even by contribution.  If this can be done, the liability will rest upon the implied obligation to render to the orators what equitably and justly belongs to them.  This does not grow out of any such tort as dies with the person at common law, but appears to be such an obligation as survives.  *Hambly* v. *Trott*, Cowp. 372; 2 Redf. Wills, 163; *Dana* v. *Lull*, 21 Vt. 383.  The orators appear, therefore, to be entitled to have their case tried, and it cannot properly be dismissed without trial.  Motion to dismiss denied.