McARTHUR *et al. v.* WILLIAMSON *et al.*

*(Circuit Court, S. D. Ohio, W. D.*  February 21, 1891.)

**1. REVIVAL OF ACTIONS—PERSONAL AND REAL.**

Ejectment is not merely a personal action, in Ohio, but involves also questions of title; and though such action, pending in a federal court in that state, when abated by the death of a party, cannot be revived under Rev. St. U. S. §§ 955, 956, which apply only to personal actions, it may be revived under the provisions of the Code of Civil Procedure of Ohio by virtue of Rev. St. U. S. § 914, which provides that the practice and modes of proceeding in civil causes in the federal courts shall conform to the practice of the courts of the state in which such federal courts are held.

**2. SAME—DISCRETION OF COURT—LACHES.**

In Ohio, an action may, in the discretion of the court, be revived after a year from the death of a party, where due diligence has been used. *Held,* that where an application to revive an action of ejectment is made more than three years after the death of defendant, and after plaintiff had notice of such death, and of the names and residences of his heirs, and after decedent's realty has been sold, his debts paid, and the residue distributed, there is not the required diligence, and the order of revival will be denied.

At Law.

Rev. St. U. S. § 914, is as follows: "The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty, in the circuit and district courts, shall conform as near as may be to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which such circuit or district courts are held."

*Lawrence Maxwell, Jr.,* for plaintiff.

*R. A. Harrison* and *A. H. Gillett,* for defendants.

SAGE, J.    In this, which is a consolidated case against several defendants in ejectment, a supplemental petition was filed November 28, 1890, setting forth that the defendant John Rathbun has died pending the action, leaving as his heirs at law Rei Rathbun, (who was appointed administrator of his estate,) George W. Rathbun, *et al.;* and that, shortly after the decease of said John Rathbun, his son, George W. Rathbun, died, leaving as his heirs at law six children, of whom five are minors, and James Williamson as their guardian.    The prayer of the petition is that the consolidated action may be revived against said heirs at law, and said James T. Williamson in lieu of said John Rathbun, deceased.

The separate answers of Rei Rathbun and James T. Williamson, as guardian, are filed, each setting up that John Rathbun died on the 28th of March, 1887, intestate, and that subsequent to his death, to-wit, at the October term, 1887, of this court, said consolidated action was finally tried, and judgment rendered therein in favor of the plaintiff against the other original defendants thereto, and therefore that the action was not pending when the so-called "supplemental petition for revivor" was filed, the same having been theretofore finally determined.

The answer further sets forth that the plaintiffs were advised of the death of John Rathbun within a few days after it occurred, to-wit, in the month of March, 1887; and that in May, 1887, through their attorneys,

they ascertained the names and places of residence of all his heirs at law, and also of the heirs at law of George W. Rathbun, who died shortly after the decease of his father, as alleged by plaintiffs; as well as the fact that said Rei Rathbun had been qualified by the probate court of Clarke county, Ohio, as administrator upon his father's estate. Rei Rathbun was so qualified April 2, 1887. The personal property and effects of the estate were insufficient to pay the debts and costs of administration, and on the 28th of July, 1888, said administrator filed his petition, and obtained an order of the probate court of Clarke county directing him to sell 139 acres of land of which said John Rathbun died seised, and also a parcel of land of which he was seised, as alleged in his answer in said consolidated case. The probate court ordered the sale of both parcels. The tract of 179 acres was sold August 30, 1888, and the sale confirmed September 5, 1888, and a deed made to the purchaser. The other parcel was offered at the same time, but not sold for want of bidders. After payment of the debts, costs, and expenses of the estate, there remained the sum of $995 in the hands of the administrator, which in the months of August and September, 1889, he distributed among the heirs. The unsold parcel was again offered for sale, under said order, December 5, 1890, and sold, but the sale has not yet been confirmed. The answer further sets forth that "in the event of the revivor of said consolidated action against said heirs and administrator, and a recovery of the demands made by the plaintiff against them on a trial, the undivided half (being the interest not claimed by the plaintiff) of said land may be insufficient to satisfy said judgment."

It has already been held by this court, upon prior petitions for revivor, that the provisions for the revival of actions in the federal statutes (sections 955, 956, Rev. St. U. S.) relate only to personal actions; and that therefore, under section 914, an action in ejectment, which in Ohio is not merely a personal action for the possession of real estate, but also determines questions of title, may be revived in accordance with the provisions of the Ohio Code of Civil Procedure. Those provisions, as construed by the supreme court of Ohio in *Carter* v. *Jennings*, 24 Ohio St. 182, give an unconditional right to revivor at any time within one year from the death of the party. After the expiration of one year, the right to revive is subject to the discretion of the court; and the court, in the exercise of that discretion, is governed by the equitable principle which requires reasonable diligence and good faith on the part of those invoking its action. The demurrer admits the facts as set up in the answers; and those facts, in my opinion, show that there has not been the diligence which ought to be exercised to entitle the parties to a revivor. More than three years elapsed after the death of John Rathbun, and after the knowledge of his death, and the names and residences of his heirs, and of the heirs of his son, who died shortly after his decease, came to the knowledge of the plaintiffs, before the filing of the supplemental petition. Meantime the realty of the estate of John Rathbun has been sold, and as to a large portion of it the sale confirmed, title passed, and the proceeds applied, so far as was necessary, to the pay-

ment of debts, and the residue distributed among the heirs. The only remaining tract of land belonging to the estate was also sold by order of the probate court before service of process upon the supplemental petition of revivor was made.

My conclusion is that the demurrer should be sustained, and, unless the facts set up in the answers can be successfully controverted, the petition for revivor will be dismissed.