GOODYEAR DENTAL VULCANITE Co. *v.* WHITE, (two cases.)

*(Circuit Court, S. D. New York. April 24, 1891.)*

ABATEMENT AND REVIVAL—LACHES.
    After the lapse of nearly 12 years after the death of a sole defendant in a suit in which issue has never been joined, though the suit was begun 4 years before his death, the suit cannot be revived against his executors.

At Law.

*W. H. L. Lee,* for petitioner, cited the following cases on the question of delay:

*Beach* v. *Reynolds,* 53 N. Y. 1; *Coit* v *Campbell,* 82 N. Y. 509, and cases cited; *Bennett* v. *Cook,* 43 N. Y. 537; *Evans* v. *Cleveland,* 72 N. Y. 486; *Lyon* v. *Park,* 111 N. Y. 350, 18 N. E. Rep. 863.

LACOMBE, Circuit Judge. These are motions to revive two actions, the one for maintenance,—the defendant being charged with the malicious defense of and interference in certain suits in which he had no interest,—the other for slander of title to personal property. They were commenced, the former in this court in 1873, the latter in the state court in 1875, in which year it was removed into this court. Issue has never been joined. The sole defendant died on or about December 29, 1879, in Paris, France, and was at the date of his death a resident of Philadelphia, Pa. On December 31, 1879, his will was duly admitted to probate in the city of Philadelphia, and within two months thereafter letters testamentary were duly issued to his executors, who have entered upon the execution of their duties, and are still acting as such. The

defendant left a large amount of personal property in the city of New York, of which his executors have taken possession, when does not appear by the papers, but presumably soon after their appointment. On December 17, 1886, the petitioner was duly appointed receiver of the property of the plaintiff, and on July 21, 1890, filed his petition for a revival of the actions against the executors of the defendant.

A careful examination of the cases cited on the exhaustive brief of the petitioner's counsel (particularly 82 N. Y. 509; 72 N. Y. 486, *Lyon v. Park,* 111 N. Y. 350, 18 N. E. Rep. 863; 53 N. Y. 1) leads to the conclusion that the application for an order of substitution and revival should not be granted. The later cases seem to warrant the proposition that section 757 of the New York Code is not constraining on the court, and that in granting a motion for continuance it should exercise a legal discretion, and refuse the relief when there has been a lapse of time after statement equal to the statute of limitations applicable to the original claims. It is no doubt true that the two later cases were of equitable nature, but there was, at common law, no right to revive such actions as these at all, and it only exists in this state by virtue of an express statute, which, so far as its language is concerned, makes no distinction between legal and equitable actions. Unless the authorities in this state were very clear in support of the proposition, I should not grant a motion to revive where so great a time has elapsed as in this case. The modern doctrine treats the subject of limitations as a matter in which the public is concerned, as well as the individual; and defenses resting upon the lapse of time, which were heretofore deemed unmeritorious, are no longer so considered.

Nor do I find in the fact that the executors have continuously resided in Pennsylvania, and that the petitioner is a resident of New York, and the original plaintiff a New York corporation, sufficient excuse for the delay in making this motion. If an action can be revived against a foreign executor upon the theory that he has taken property which the decedent left within the state, then the executor was not absent from the state for the purposes of this motion. If on that theory the action could be revived now, it could have been revived as soon as the executor took the property.

It is not necessary to consider the effect of the excuses for delay offered by the receiver. Under the view here taken, the right to revive had been lost before the appointment of a receiver.