### NEWCOMBE v. MURRAY et al.

(Circuit Court, S. D. New York. December 24, 1896.)

REVIVAL OF ACTION—PARTIES.

> By the will of A., his wife, B., was named as his sole executrix and legatee, but she failed to qualify as executrix, and soon afterwards died. N., as administrator of both B. and A., then brought suit for an accounting of the profits of a partnership in lottery shares between A. and defendants, which suit was abated by the death of N. *Held*, that A.'s representative should be made a party to a bill to revive by the administrator de bonis non of B., as the property had never vested in B.

George Bliss, for complainants.
Francis Lynde Stetson and Charles E. Coddington, for defendants.

COXE, District Judge. The original bill was filed December 18, 1888, by Richard S. Newcombe as administrator, cum testamento annexo, of Isaac Bernstein and also of Louisa Bernstein, deceased, asking for an accounting of the profits of a partnership between Isaac Bernstein and the defendants growing out of the business of

the Louisiana State Lottery. The defendant Morris appeared and filed a plea disputing the jurisdiction of the court for the lack of diverse citizenship. The defendant Murray filed an answer and some proofs were taken against Murray and also on the plea filed by Morris. In the summer of 1891 Newcombe died. Since then nothing has been done except to bring this bill of revivor which was filed February 25, 1896, by Stephen G. Sharpe and Bella Simmons as administrator and administratrix, de bonis non cum testamento annexo, of Louisa Bernstein, deceased. On the 26th day of May, 1895, the defendant John A. Morris died intestate leaving three children, his only heirs at law and next of kin, surviving; one of whom, Alfred H. Morris, was duly appointed administrator. The first two grounds of demurrer dispute the right of Sharpe and Simmons to revive, as they represent the estate of Louisa Bernstein only and not the estate of Isaac Bernstein. The other grounds of demurrer are confined more especially to defects in the original bill.

The revivor of a suit by or against the representatives of a deceased party is a matter of right. It is looked upon as a mere continuance of the original suit. If the cause of action survive the important inquiry is whether the person who asserts the right to revive is entitled to such right as the legal representative of the original plaintiff. Clarke v. Mathewson, 12 Pet. 164; Sharon v. Terry, 36 Fed. 337, 346; Terry v. Sharon, 131 U. S. 40, 46, 9 Sup. Ct. 705. In Bettes v. Dana, 2 Sumn. 383, Fed. Cas. No. 1,368, Judge Story says:

"Nothing can be more clear, than, that upon a bill to revive, the sole questions before the court are the competency of the parties, and the correctness of the frame of the bill to revive."

In Fretz v. Stover, 22 Wall. 198, the court, at page 204, says:

"Nothing could be brought into the litigation by the bill of revivor besides the mere question whether the brother, brought in on the bill of revivor, was the executor of the will of Stover, and his legatee and devisee."

See, also, Gunnell v. Bird, 10 Wall. 304, 308; 3 Daniell, Ch. Prac. pp. 1710, 1711; Story, Eq. Pl. (10th Ed.) §§ 377–624.

It is thought, therefore, that the present inquiry should be confined to the first two grounds of demurrer.

The rule applicable to reviving actions in circumstances like the present is clearly stated in Daniell's Chancery Practice (volume 3, p. 1700), as follows:

"Where an abatement of a suit takes place before decree, the only person entitled to revive, where the abatement has occurred by the death of a sole plaintiff, is the representative, real or personal, as the case may be, of such plaintiff, unless, indeed, the bill was originally filed by the plaintiff in a representative capacity, viz., as executor or administrator of a person deceased, in which case the party to revive will be the individual in whom the representation of the deceased person is vested, and not the representative of the original plaintiff, unless such representative is also clothed with the character of representative of the original testator or intestate: thus, if a bill is filed by the administrator of a creditor who dies, the bill of revivor must be filed not by his personal representative, but by the administrator de bonis non of the creditor."

The original bill was filed by Newcombe as administrator of both Isaac and Louisa Bernstein. Assuming the original bill to be correctly framed the proper persons to revive would, therefore, be the

administrators, de bonis non, of Isaac and Louisa. The revived action would then have the same legal status as the original. If the object be to revive in the name of one of the original parties it would seem that the attempt should be made on behalf of the one in whom the title was alleged to reside and not the one having only a contingent interest depending upon the performance of a condition subsequent.

The complainants are hardly in a position to deny the interest of Isaac Bernstein's representative. The original bill proceeds upon the theory that the shares owned by and assigned to Isaac Bernstein passed to Newcombe, as Bernstein's administrator, were held by Newcombe at the time he began the original suit and entitled Bernstein's estate to receive a large sum of money, which estate would suffer irreparable injury unless the defendants were restrained from receiving profits which belonged to it. Isaac died March 18, 1885, leaving a will by which he made his wife, Louisa Bernstein, sole executrix and sole legatee. Louisa never qualified as executrix and on the 16th day of September, 1885, she died. The title to the chose in action did not, therefore, vest in her. On the 24th of December, 1885, Newcombe was appointed administrator cum testamento, of Louisa's estate. If the complainants' present position be correct Newcombe need have done nothing more. The present chose in action was vested in him as the representative of Louisa. He could have begun the action in that capacity. He evidently entertained a different opinion for on the 14th of January, 1886, he was appointed administrator of the estate of Isaac Bernstein. Newcombe was first appointed administrator of Louisa; if the chose in action had already passed to her estate he took the title as her representative, and, when three weeks later he became the administrator of Isaac's estate, there was nothing for him to take. Everything had vested in Louisa's administrator. He did not proceed upon this hypothesis. He was of the opinion that Isaac's personal property vested in him as administrator and that the title remained there until, in the due administration of the law, it passed to some one else.

The proposition that the representatives of Louisa Bernstein can alone maintain the action seems inconsistent with the frame of the original bill. The court is inclined to the opinion that the legal status of the cause of action is correctly stated in the original bill and that the representative of Isaac's estate should be a party. In contemplation of law Newcombe, as administrator of Isaac, was a distinct person from Newcombe as administrator of Louisa. Assume, in order to make the situation more clear, that John Doe had been appointed administrator of Louisa's estate. The title to the lottery shares must then, at the commencement of the suit, have been in Newcombe or Doe. It is not easy to see how the title to personal property can be in two persons at the same time. If Doe had died Newcombe could have proceeded with the action. If Newcombe had died the action would have abated. Doe could not have carried it on as administrator of Louisa's estate. If both had died the party to revive it would have been the representative of Isaac and not of Louisa. It should be remembered that so far as appears the situa-

tion as to title is precisely as it was when the original bill was filed. If the title to Isaac's personal property ever vested in his administrator it is there yet.    There is nothing to show that the estate has been administered upon and its surplus distributed.    Non constat the claims of creditors are sufficient to swallow up the entire assets so that nothing passes to the representatives of Louisa.

The court has been referred by counsel for complainants to section 2666 of the New York Code.    It would seem that this section does not bear even remotely upon the point at issue.    The citation is probably a mistake of the printer, section 2606 being intended; still the court is unable to see how the title to the shares in controversy is affected especially in the absence of proof that proceedings have been taken under the section referred to.    For aught that appears the title is exactly where it was when the action was commenced,— in Isaac Bernstein's representative.    It follows that the first two grounds of demurrer must be sustained with leave to the complainants to amend within 20 days by making the representative of Isaac Bernstein a party, or otherwise, as they may be advised.    As to the other grounds the demurrer is overruled without prejudice to their further consideration should the action be hereafter revived.