### SIMMONS et al. v. MORRIS et al.

#### (Circuit Court, S. D. New York. June 25, 1901.)

**1. REVIVAL—DEFENSES.**

A defendant in a suit in equity, who has answered, cannot be permitted to defeat a bill to revive the suit, after the death of the complainant, by interposing objections which are, in effect, a demurrer to the original bill.

**2. SAME—LACHES.**

The right to revive a suit may be defeated by inexcusable laches resulting in irreparable injury to defendant, where it occurred after the abatement of the original suit; but delay in the commencement of the original suit, not pleaded as a defense thereto, cannot be considered on a bill to revive.

**3. SAME.**

After a suit had abated by the death of the complainant, a bill to revive was filed, to which a demurrer was sustained on the ground that the right of action did not vest in the parties filing it, but leave was given to amend by substituting the real parties in interest. The time for amending was extended from time to time, with the consent of defendants, until nearly three years later, and eight years after the death of complainant, when a new bill of revivor was filed by the proper parties. *Held*, that the fact that a new bill, instead of an amended bill, was filed, was immaterial, and that, although the delay appeared to be without excuse, it was, in effect, by defendant's consent, and did not constitute laches prejudicial to their rights, which they could invoke to defeat the revival.

In Equity. On bill of revivor, answers and replication, and proofs taken thereunder.

Andrew D. Parker and Charles F. Wells, for complainants.

William G. Wilson, for defendant Murray.

Francis Lynde Stetson and Charles E. Coddington, for defendant Morris.

COXE, District Judge. An attempt to revive the original action brought by Richard S. Newcombe, as administrator, etc., was made in 1896. A demurrer was then interposed disputing the right of the representatives of Louisa Bernstein to revive the action. The demurrer was sustained upon this ground alone. Other grounds of demurrer, pointing out defects in the original bill, were overruled. Newcombe v. Murray (C. C.) 77 Fed. 492. The court held, in effect, that the action could not be revived in the name of the representatives of Louisa Bernstein alone; that the title to the cause of action was in the representatives of Isaac Bernstein and that they were the proper parties to revive. Leave was given to amend the bill of revivor by making Isaac's representatives parties. Had this been done a great amount of unnecessary labor, annoyance and expense would have been avoided. Both parties now concede that this decision correctly states the law as to the title, and the present bill seeks to revive the action in the names of the admitted holders of the title to the cause of action. Counsel for the defendants do not, apparently, regard the decision as stare decisis upon the other questions presented, for they now proceed to reargue many of them de novo. This cannot be permitted. One of the defendants in the original bill answered and the other filed a plea disputing the jurisdiction of the court on the ground that there was no diversity of citizenship. Their status must be determined by these pleadings. To permit a defendant to defeat the revival of an action and thus to escape all liability by interposing objections in the nature of a demurrer to the original bill, which he has already answered, would be a unique departure in equity proceedings. If the objections now taken are lost because issue was joined by the answer and plea it would be inequitable to resurrect them; if they are not lost they are as available as ever in the original suit where they should properly be considered. The case cannot now be tried on its merits. It will be time enough to do this when it reaches final hearing. This was the decision of the court in Newcombe v. Murray and it must remain the law of the case until changed by a higher authority.

What, then, is the situation? The proper parties to revive are now before the court. There can be no doubt that if this application had been made in 1891, after Newcombe's death, it would have been allowed almost as a matter of course. If it had been made in 1896, instead of the application in behalf of the representatives of Louisa Bernstein, it would most certainly have been allowed. The logic of the decision admits of no other conclusion. The only question which is now open for consideration would, therefore, seem to be: Have the present complainants, as administratrices of Isaac Bernstein, forfeited by their laches the right to revive? That the court may consider the question upon a bill to revive is held in a number of cases, although, in the federal courts, the right to do so may still be open to debate. Alsop v. Bell, 24 Beav. 451; Lyon v. Park, 111 N. Y. 350, 18 N. E. 863; Pringle v. Railroad Co., 157 N. Y. 100, 51 N. E. 435; Mason v. Sanford, 137 N. Y. 497, 33

N. E. 546; Goodyear v. White (C. C.) 46 Fed. 278; McArthur v. Williamson (C. C.) 45 Fed. 154. On principle it would seem that laches sufficient to defeat the maintenance of the original suit, if occurring after it has abated, should prevent its revival. Assuming that this defense may now be considered, and that inexcusable laches, resulting in irreparable injury, may be a sufficient reason to defeat the right to revive, there seems to be no difference of opinion upon the proposition that it must be laches in filing the bill of revivor, or, possibly, in prosecuting the original suit. Delay in commencing the original suit cannot be considered, especially where the defendant has had full opportunity to plead the defense and has not done so. Newcombe's bill was filed in 1888 and during his lifetime the suit was prosecuted with due diligence. "From July, 1889, to July, 1891," says the brief filed for the defendant Morris, "the case was prosecuted and defended with proper diligence, with only such delays as are ordinarily incident." In July, 1891, Newcombe died. This must be the date, therefore, from which to consider the question of laches. The present bill was not filed until September, 1899, eight years and two months from the death of Newcombe, but in the meantime an effort was made to revive the action which, though proceeding upon an erroneous view of the law, was evidently made in good faith. After the decision in December, 1896, there was a further delay of nearly three years, which seems without reason or excuse, and yet the court is unable to perceive how irreparable injury has been occasioned thereby. In legal effect the defendants consented to the delay. The time to amend the bill, as provided in the order of January 15, 1897, was extended from time to time until September 24, 1899. Four days prior to the expiration of the time this bill was filed. Upon the question of laches, the fact that the complainants chose a different method of reviving the action from that permitted by the stipulation seems wholly immaterial. The action could have been revived by the amendment permitted by the decree, and the defendants consented that this might be done at any time prior to September 24, 1899. The proceedings were commenced prior to that date, but not in the precise form allowed by the stipulation. How, then, can the defendants be heard to say that they have been prejudiced by a delay to which they consented because a new bill instead of an amended bill was filed? The court assumes a great responsibility when it deprives a party of his right of action because of delays resulting from death. Although the question of laches is a serious one it is thought that the safer and wiser course is to permit the action to be revived with such safeguards as will insure its diligent prosecution and preserve to the defendants every defense which can be predicated of the events occurring since the death of Newcombe in 1891. The bill is allowed.