### DILLARD'S ADM'R v. CENTRAL VIRGINIA IRON CO. et al.

#### (Circuit Court, W. D. Virginia.  October 3, 1903.)

1. ABATEMENT—DEATH OF PLAINTIFF—PROCEDURE BY DEFENDANT.
     The failure to revive a suit which has abated by the death of plaintiff is not ground for a motion by defendant to dismiss for want of prosecution, but he may, on proper notice, obtain an order requiring the suit to be revived within a time fixed, or to be dismissed.
2. SAME—EQUITY—PROCEDURE FOR REVIVAL.
     One entitled to revive a suit in equity which has abated by the death of a party is not authorized to proceed therefor by motion, but must follow the procedure prescribed by equity rule 56, by filing a bill of revivor or a bill in the nature of a bill of revivor.

In Equity. On motion by defendant to dismiss for want of prosecution, and by the successor in office of the deceased plaintiff for revival of the suit.

Caskie & Coleman and O. L. Evans, for plaintiff.
Lewis & Lewis, for defendants.

McDOWELL, District Judge. This equity suit was instituted in the state court. In 1896 it was removed to this court. In 1900 a motion to remand was overruled. A demurrer to the bill was thereafter argued before Judge Paul, but, on account of his illness and subsequent death, no decision was ever made on the demurrer. On March 13, 1902, an order was entered suggesting the death of the plaintiff. The record does not show who made this suggestion, but it was in fact made by the defendants. No order has been made and no step taken in the cause since that date. On October 2, 1903, the defendants moved that the cause be dismissed for want of prosecution. Counsel for the successor in office of the deceased plaintiff resisted said motion, and moved that the cause be revived in his name. The defendants opposed this motion.

The motion of the defendants should, I think, be overruled. In 2 Bates, Fed. Eq. Proc. § 655, it is said, in treating of the defendant's right to compel the plaintiff to revive or have an order of dismissal, that the defendant may, upon application to the court, obtain an order

¶ 2. See Abatement and Revival, vol. 1, Cent. Dig. § 447.

that the plaintiff's representative shall revive the cause within a time to be limited in the order, or that the bill be dismissed; citing 3 Dan. Ch. (1st London Ed.) 207, 208.

In 1 Foster, Fed. Pr. (3d Ed.) § 294, it is said:

"Dismissal for failure to perfect or revive a suit. When a suit has abated or become otherwise defective before a decree, the party or parties against whom it can be continued may, upon notice served upon the person or persons entitled to revive or supply the defect in the same, move for and obtain an order, directing that these revive or supply the defect within a certain limited time to be fixed by the court, or that else the bill be dismissed. If the suit abate by the death of one of several coplaintiffs, the order may be obtained against the survivors; and it seems that the objection that there is no personal representative of the deceased plaintiff will not prevent the court from granting such an order. It is irregular in such cases to move to dismiss a bill for want of prosecution, and an order to that effect, if obtained, will be discharged for irregularity. A bill may be dismissed at a defendant's motion for the plaintiff's failure to serve with process another defendant named in the bill, who is a necessary party to the suit."

To same effect, see 1 Dan. Ch. Pr. (4th Am. Ed.) 812–814; 2 Dan. Ch. Pr. 1539.

It is intimated in Simmons v. Morris (C. C.) 109 Fed. 709, that laches in filing a bill of revivor sufficient to defeat an original bill would be sufficient to defeat the bill of revivor; but we have no such state of facts in the case at bar. The defendants have all the time had the simple remedy pointed out by the above authorities to bring the delay to an end, and there is consequently very little force in their complaint.

The motion of the new administrator raises a question of some interest: Is a bill of revivor, or a bill in the nature of such bill, the only method of revival in a case such as we have here? Upon such examination of the authorities as I have been able to make, it seems that such is the better opinion. It is true that in Griswold v. Hill, 1 Paine, 483, Fed. Cas. No. 5,834 (an equity case), a defendant was allowed to come in on motion. But in this case no question seems to have been made as to the necessity for a bill of revivor. This is supposed to be the only case in which such procedure has been allowed. 1 Foster (3d Ed.) p. 398. In Allen v. Fairbanks (C. C.) 40 Fed. 188, on the death of a defendant in equity, the plaintiff had issued scire facias to revive. In this case no point was made as to the propriety of this method. These are the only two federal equity cases I have found in which the revivor was not by bill.

Mr. Foster says:

"The only methods of reviving a suit in equity in the federal courts seem to be a bill of revivor, a bill in the nature of a bill of revivor, a bill of revivor and supplement, and a supplemental bill in the nature of a bill of revivor." 1 Foster, § 179, p. 398.

Mr. Bates seems to be of the same opinion. See 2 Bates, Fed. Eq. Proc. § 634 et seq.

In Kennedy v. Georgia Bank, 8 How. 610, 12 L. Ed. 1209, it is said, in passing: "When, in the progress of a suit in equity, the proceedings are suspended from the want of proper parties, it is necessary to file a bill of revivor." This, however, was not a case in which there had been an effort to revive by motion or scire facias.

Equity rule 56 provides a procedure to fit the case we have here, and the ordinary rules of construction lead to the belief that the expression "may be revived by," etc., should be read "must be," or "shall be," etc. But if this is not intended as the only method, I doubt the authority of this court, without a rule of court authorizing the simpler method of revivor on motion, to inaugurate such a practice. While I confess to a personal predilection for simple, speedy, and inexpensive methods of procedure, yet as to this question, aside from the want of authority, a seemingly sufficient reason against allowing revivor by mere motion is found in this consideration: The defendant may desire to contest the right or title of the proposing new plaintiff, and many complex questions of law or fact, or both, may be raised. If the procedure be a mere motion, the absence of regular pleadings, such as would be filed were a bill of revivor used, is liable to lead to confusion and error. If we consider section 955, Rev. St. U. S. (U. S. Comp. St. 1901, p. 697), as intended to apply to equity suits—as to which there is room for some doubt (Clarke v. Mathewson, 12 Pet. 171, 9 L. Ed. 1041; Ex parte Connaway, 178 U. S. 435, 20 Sup. Ct. 956, 44 L. Ed. 1134)—it does not seem to me to authorize revival on mere motion, at the original instance of the successor of a deceased party. If the living party had had issued scire facias against the administrator of his deceased adversary, probably the order of revival would be made on motion merely of the administrator. In such case both parties seek the same end. But if, as here, the living party seeks a dismissal of the suit, and is not in the position of desiring the administrator to revive, I find no warrant in this section for the party seeking to revive to do so, otherwise than by the regular method pointed out in equity rule 56. While section 955, if applicable to a chancery suit, seems to recognize the right of the living party to have scire facias issued against the representative of his deceased opponent, the statute does not make such procedure obligatory.

The motion in behalf of the proposing new plaintiff must be overruled.

In the case at bar, if the defendants (assuming that they are satisfied that their motion to dismiss is properly denied) do not desire to contest the right of the proposing plaintiff to revive, no reason suggests itself why the expense and delay incident to a bill of revivor may not be avoided by a consent order of revival.