CHRISTINA V. EVANS, Appellant, *v.* GROVER CLEVELAND, Respondent.

No mere lapse of time after the commencement of an action at law will bar the action under the statute of limitations; the statute can in no case furnish a defense, unless the action was barred before its commencement.

So, also, no mere lapse of time will absolutely defeat an application for the continuance of such an action in the name of the representative of a deceased party.

As to whether the same rule applies in equity cases, *quære.*

*Beach* v. *Reynolds* (53 N. Y., 1), distinguished.

*Evans* v. *Cleveland* (12 Hun, 140), reversed.

(Argued Feburary 1, 1878; decided February 12, 1878.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, reversing a judgment in favor of plaintiff and granting a new trial.

The nature of the action and the facts are set forth sufficiently in the opinion.

*J. M. Humphrey,* for appellant. It was discretionary with the judge at Special Term whether to refuse or allow

this action to be continued.  (*Beach* v. *Reynolds*, 53 N. Y.,
3; *Stewart* v. *Jones*, 38 N. Y. Supr. Ct. R., 366; *Soher* v.
*Fargo*, 47 How. Pr., 288; 1 Hun, 312.)

*M. A. Whitney*, for respondent.   This action comes within
chapter 733, Laws of 1871, and must be brought within one
year after the cause of action accrued.   (*Dennison* v. *Plumb*,
18 Barb., 89; *Cummings* v. *Brown*, 43 N. Y., 514; *People*
v. *Schuyler*, 4 id., 173; *Cuddington* v. *Carnby*, 2 Hill, 528.)
The right to revive this action was barred by the statute of
limitations.   (2 Barb. Ch. Pr., 53 ; Mil. & Tyl. Pl., 376;
Story's Eq. Pl., § 831; Angel on Lim., § 25; Ld. Redes-
dale's Pl., 272; D. & B. on Stat. of Lim., 462, 463; *Hol-
lingshead's Case*, 1 P. Wms., 742; *Horenden* v. *Ld. Annes-
ley*, 2 Sch. & Lef., 632; *Perry* v. *Jenkins*, 1 My. & Cr., 118;
*Bland* v. *Davison*, 2 Beav., 312; *Huntington* v. *Brinkerhoff*,
10 Wend., 278; *Beach* v. *Reynolds*, 53 N. Y., 1.)

EARL, J.   This action was commenced by Amelia T.
Buckland, April 17, 1874, to recover damages for the con-
version of personal property by the defendant in December,
1873.   The defendant justified the taking of the property as
sheriff of Erie county, under certain attachments and exe-
cutions.

The original plaintiff died December 8, 1874, after the
cause was at issue, leaving a will.   Letters testamentary
were issued to the present plaintiff, and she qualified as exec-
utrix on the 9th day of February, 1875.   On the 18th day
of December, 1876, more than eighteen months after her
qualification as executrix, the present plaintiff served an affi-
davit and notice of motion for leave to serve a supplemental
complaint for the purpose of reviving the action as such
executrix.

The motion was granted, and a supplemental complaint
was served January 3, 1877.   To such complaint the defend-
ant pleaded the statute of limitations, found in chapter 733
of the Laws of 1871, which provides that actions against
sheriffs for acts like those complained of in this complaint,

shall be commenced within one year from the time the cause of action accrued. Upon the trial the plaintiff proved the cause of action alleged, and the defendant insisted upon the statute above named as a bar. The plaintiff recovered judgment, and, upon appeal, that was reversed upon the sole ground that the statute was a flat bar to the maintenance of the action, and whether it was or not is the question here.

It was provided in the old Code (§ 121) that no action should abate by the death of a party, but that it might be continued in the name of the personal representative or successor in interest by motion made at any time within a year, or afterward, by supplemental complaint. In this case the continuance was by supplemental complaint. The service of such complaint was not the commencement of a new action. It was a proceeding in an action which had been commenced and which was then pending. The action had been commenced within the year after the cause of action accrued, and it is impossible to perceive how any lapse of time, subsequent to the commencement of the action, could bar the action under a statute which prescribes a limit of time only before the commencement of the action.

There is no reason founded upon convenience or analogy for holding the law, against its plain reading, to be as claimed by the defendant. An action can be revived by supplemental complaint only on application to the court, and if the delay has been unreasonable, or in any way damaging to the defendant, the application may be denied. (*Holyoke* v. *Adams*, in this court not reported; *Beach* v. *Reynolds*, 53 N. Y., 1.) And under section 121 the court may, on the application of the living party, prescribe a time not less than six months nor more than a year within which the representative of the deceased party must be substituted. The living party, therefore, in such a case has an ample remedy to secure himself against inconvenience or embarrassment without any statute of limitations.

. At common law, when a sole party to a legal action died before trial, the action abated, and there was no way to

revive or continue it. (1 Burrill's Pr., 281; *Benjamin's Exrs.* v. *Smith*, 17 Wend., 208.) But in chancery suits there was no absolute abatement by death in any case. Such suits, in the case of the death of a sole party, could be revived or continued by petition to the court, or by bill of revivor; and in case of a simple bill of revivor, when no other relief was sought but to revive and continue the original suit, the bill could be filed, as matter of course, without application to the court. In all cases, when application was required to be made, it was in the discretion of the court to refuse or grant it, and in case of unreasonable *laches*, or for other just causes, the court was accustomed to deny it. (2 Barb. Ch. Pr., 33; Mitford's Eq. Pl., 69.) Equity courts always evinced abhorrence for stale claims, and in various ways discountenanced delays in the commencement of suits and the enforcement of rights, and at an early day they adopted the same limitations for the commencement of suits, so far as applicable, as were provided for actions at law; and in some cases they adopted rules of limitations peculiar to the administration of equitable relief. Among other rules which they adopted was one to allow to be pleaded to a bill of revivor the lapse of time, after the appointment of the representative of the deceased party, before the filing of the bill of revivor, and if the time was so great that it would have barred the original action, it was held to be a bar to the bill of revivor; and this was held although it was also held that the bill of revivor was not the commencement of a new suit, but simply a mode of continuing the old suit. ( 2 Barb. Ch. Pr., 53 ; Mitford's Pleadings, 272; Darby and Bosanquet on Lim., 462; Story's Eq. Pl., § 831.) This rule was adopted as the only mode to defeat a bill of revivor after the lapse of many years. Without the adoption of such a rule there would have been no limit of time within which a bill of revivor might be maintained, and thus all the evils might be entailed upon parties which they would suffer if there were no statute of limitations. (*Hollingshead's Case*, 1 P. Wms., 742; *Barry*

v. *Jenkins*, 1 Myl. & Craig, 118; *Bland* v. *Davidson*, 21 Bev., 312.)

But this is the first case, it is believed, in which it has been attempted to apply the same rule in an action at law. The statute of limitations in an action at law can in no case furnish a defense, and no court in such actions can allow the defense unless the cause of action was barred before the commencement of the action.

Section 121 furnishes a uniform rule for all actions, legal and equitable, and now there can be no necessity for the rule originally adopted in equity, because, as above shown, the living party has ample means to protect himself against unreasonable delay. Therefore, whatever the rule may have been, or may still be, in actions in equity, it is quite clear that, in a legal action commenced before it was barred by any statute of limitations, no mere lapse of time will absolutely defeat an application for its continuance in the name of a representative of a deceased party, and no statute of limitations will bar a recovery.

The case of *Beach* v. *Reynolds, supra*, is not an authority against the conclusion thus reached. That was an equitable action, and the cause of action was there barred before the action was commenced. The question did not arise there as here by a plea in bar of the action, but in opposition to the motion for leave to revive the action by supplemental complaint. The Special Term held that, if it had discretion to deny the motion for leave, it would deny it, but that it had no discretion, and granted the motion. The General Term reversed the order of Special Term and denied the motion, holding that the Special Term had discretion and should have exercised it, and that decision was affirmed in this court. Allen, J., lays down certain propositions decided in that case, none of which are inconsistent with the conclusions here reached.

The order of the General Term must be reversed and judgment upon the verdict affirmed, with costs.

All concur, except Andrews, J., absent.

Order reversed and judgment affirmed.