CATHARINE HOLSMAN v. LOUISIANA ST. JOHN.

JAMES SEARLE BARCLAY, Administrator, etc., Appellant, v. JOSEPH L. SCOFIELD et al., Executors, etc., Respondents.

The provision of the Code of Civil Procedure (§ 757, as amended by chap. 542, Laws of 1879), providing for the continuance of an action "in case of the death of a sole plaintiff or a sole defendant," when the cause of action survives, applies to a case where a sole plaintiff and a sole defendant are both dead.

It is obligatory upon the court to grant a motion to revive, made upon proper affidavits showing the necessary facts; no mere lapse of time can defeat the application.

(Argued October 10, 1882; decided December 12, 1882.)

APPEAL from order of the General Term of the Superior Court of the city of New York, made June 19, 1882, which affirmed an order of Special Term denying a motion to revive this action.

This action was commenced in 1859, to recover for taxes and assessments imposed upon premises in the city of New York during the years from 1854 to 1859, which the defendant, Louisiana St. John, as lessee of the premises, covenanted to pay, but failing to pay, the plaintiff, the lessor, paid the same.

The defendant's answer admitted the execution of the lease, her entry into possession, and the non-payment by her of the said taxes and assessments.

The issue came on for trial in March, 1861. On the trial the plaintiff produced the tax-rolls and tax-books from the tax-office, and offered them in evidence; but the defendant objected that the tax-rolls were not *prima facie* sufficient, and insisted upon strict proof of the levying and assessment of the several taxes and assessments mentioned in the complaint. The court sustained the objection, and the plaintiff, not being prepared to furnish such evidence, withdrew a juror, and the cause went over.

The plaintiff died in 1864, and the defendant died July 22, 1879. Letters of administration were issued to the appellant October 31, 1881, and letters testamentary were issued to respondents March 19, 1880. October 31, 1881, an order was obtained by plaintiff's administrator, requiring the defendant's executors to show cause why the action should not be continued.

*B. T. Kissam* for appellant. The cause of action having arisen out of a breach on the part of the defendant of a covenant in a lease under seal, it survived the death of the plaintiff in 1864, and passed to the administrator of her estate. (*Zabriskie* v. *Smith*, 13 N. Y. 333; *McGregor* v. *McGregor*, 35 id. 220; *Potter* v. *Van Vranken*, 36 id. 623–4; Code of Procedure, § 121; *Livermore* v. *Bainbridge*, 49 N. Y. 128.) The lapse of nearly seventeen years since the plaintiff's death has

had no effect upon the condition of the action. (*Evans* v. *Cleveland*, 72 N. Y. 486, 490; *Greene* v. *Martine's Exr.*, 21 Hun, 136, 140; 84 N. Y. 648.) If the action did not abate by the death of the plaintiff, the death of the defendant could not abate it. (1 R. S. Laws, § 9, p. 537; id., § 10, p. 312; 2 R. S. 386, 387, §§ 2, 3.) "A party" means any party or parties, one, two, three or all. (*Livermore* v. *Bainbridge*, 61 Barb. 359, 360; 49 N. Y. 128, 131; Code of Civil Proc., § 755; *Greene* v. *Martine*, 21 Hun, 136; 84 N. Y. 648.) Having shown that the cause of action survived, and that the action has not abated, the representatives of the deceased parties are to be brought into court by motion. (Code of Civil Proc., §§ 381, 757; *Coit* v. *Campbell*, 10 Hun, 52; *S. C.*, 82 N. Y. 515; *Evans* v. *Cleveland*, 72 id. 486; *Greene* v. *Martine's Exrs.*, 21 Hun, 140.)

*F. G. McDonald* for respondents. The court has no jurisdiction of the action, the parties or their representatives. (*Coit* v. *Campbell*, 20 Hun, 50; affirmed, 82 N. Y. 509; Code of Civil Proc., § 757.) Even if this was a case to which the statutes of revivor applied, the plaintiff or her representative lost the right to revive by *laches*. (*Coit* v. *Campbell*, 82 N. Y. 513.) The statutory time is suspended only when there is no one against whom the action may proceed. (2 R. S. [Edm. ed.] 309, § 102; Code of Civil Proc., § 402.)

TRACY, J. The cause of action having arisen out of contract, survived the death of the plaintiff, and passed to the administrator of her estate. (*Zabriskie* v. *Smith*, 13 N. Y. 333; *McGregor* v. *McGregor*, 35 id. 220; *Potter* v. *Van-Ranken*, 36 id. 623.)

At common law when a sole plaintiff to a legal action died before trial, the action abated; and there was no way to revive or continue it. (1 Burrill's Prac. 287; *Benjamin's Executors* v. *Smith*, 17 Wend. 208.) If the cause of action survived or continued, a new action had to be brought in the name of the representatives of the deceased plaintiff. In

1848 the legislature changed the common-law rule in this State by this broad declaration : " No action shall abate by the death, marriage or other disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue." By section 755 of the present Code it is declared that " An action does not abate by any event, if the cause of action survives or continues." As the action did not abate, but is still in court, no revivor is necessary. It is a mere question of bringing in the proper parties to continue the action. (*Livermore et al.* v. *Bainbridge*, 49 N. Y. 128.) Section 121 of the former Code provided that, " In case of the death, marriage, or other disability of a party, the court, on motion at any time within one year thereafter, or afterward, on a supplemental complaint, may allow the action to be continued by or against his representative or successor in interest." By the Code (1879) in force when this motion was made it is provided that, " in case of the death of a sole plaintiff, or a sole defendant, if the cause of action survives or continues, the court must, upon a motion, allow or compel an action to be continued by or against his representative or successor in interest." The present Code abolishes the supplemental complaint, and now all applications to continue an action in case of the death of a party must be made by motion, and upon proper affidavits showing the facts, and the court must grant the order. Even under the old Code, where the language was permissive, it was held by this court that in an action at law " no mere lapse of time would absolutely defeat an application for its continuance on a supplemental complaint in the name of a representative of a deceased party." (*Evans* v. *Cleveland*, 72 N. Y. 486.)

This rule works no injury to the adverse party, for under section 121 of the Code of 1862, and section 761 of the present Code, the court may, upon the application of the living party, prescribe a time not less than six months, nor more than a year within which the representative of the deceased party must be substituted, or in default it may direct that the action abate. The defendant could, therefore, at any time after the death of the

plaintiff in 1864, have compelled the necessary proceedings to be taken to continue the action by the proper parties, or in default thereof, that the action abate. We think the learned court below erred in holding that section 757 of the present Code had no application to a case where a sole plaintiff and a sole defendant are both dead. We regard the case of *Greene* v. *Martine* (21 Hun, 136, affirmed in this court in 84 N. Y. 648) as directly in point and conclusive upon the question here involved. In that case, the sole plaintiff and the sole defendant were both dead, the plaintiff having been dead for about fourteen years. The only difference between that case and the case at bar is, that the application to continue that action under the Code of 1877 was made by supplemental summons and complaint, and the application in the case at bar is made by motion under the amendment to the Code passed in 1879. Section 757 of the Code of 1877 read as follows : " In case of the death of a sole plaintiff or defendant, if the cause of action survives or continues, the court must, upon a supplemental summons and complaint, or in its discretion upon a motion, if made within one year after the decedent's death, in a proper case, allow or compel the action to be continued by or against his representative or successor in interest." In 1879 the legislature amended the section by striking out the words " A supplemental summons or complaint, or in its discretion," and also the words "If made within one year after the defendant's death in a proper case," leaving the section to read as follows : " Section 757. In case of the death of a sole plaintiff or a sole defendant, if the cause of action survives or continues, the court must upon a motion allow or compel the action to be continued by or against his representative or successor in interest." What the court was compelled to do upon a supplemental summons and complaint under the Code of 1877, it now must do upon motion. The case of *Greene* v. *Martine* must, therefore, be considered a controlling authority in this case.

The plaintiff's motion should have been granted.

The orders of the Special and General Terms should be reversed, without costs.

All concur.

Orders reversed.