## DUFFY *v.* DUFFY.

*(Superior Court of New York City, General Term.*  January 7, 1889.)

ABATEMENT AND REVIVAL—DELAY IN MOVING TO REVIVE.

The plaintiff in an equitable action died in 1877, and nothing was done in the case until 1888, when her successors in interest moved to have the action revived and continued. The application was denied on the ground of laches, under Code Civil Proc. N. Y. § 757. *Held* that, as the two decisions of the court of appeals on the

proper construction of this statute are in direct conflict, and as the later decision makes no reference to the first, the order would be affirmed, so as to bring the question again before the court of appeals.

This is an appeal by Rosanna Hughes and others, heirs of Ann Duffy, deceased, from an order made at special term denying their application to revive and continue in their names as plaintiffs the action in which said Ann Duffy was plaintiff and Michael Duffy is defendant. ·

Argued before SEDGWICK, C. J., and INGRAHAM and FREEDMAN, JJ.

*E. B. & C. P. Cowles,* for appellants.   *H. B. Closson* and *John E. Parsons,* for respondent.

FREEDMAN, J.   This action was begun in September, 1863, to have a certain deed set aside as fraudulent and void.   In 1877, Ann Duffy, the plaintiff, died, while the action was still pending.   Since that time nothing was done until August, 1888, when the appellants, as successors in interest, moved to have the action revived and continued.   The motion was denied, on the ground that too much time had elapsed, and from the order denying the same the present appeal is taken.

The question involved depends upon the construction of section 757 of the Code of Civil Procedure, as amended by chapter 542, Laws 1879.   In *Coit* v. *Campbell,* 82 N. Y. 509, upon the authority of which the motion was denied, the court of appeals construed the said section, as amended, to mean that the granting of the motion is not compulsory in all cases; that the right to a revivor or continuance is to be determined according to the settled rules of equity, so far as established by precedent; and that it is a rule of equity thus established that the discretion of the court to refuse to revive a suit on the ground of delay is to be guided by the statute of limitations applicable to the subject-matter of the suit.   Under this construction, the motion was properly denied.   The appellants rely, however, upon the later case of *Holsman* v. *St. John,* 90 N. Y. 461, in which the same section, as amended, was again construed, but without noticing in any manner the prior construction given to the section.   It was there held that it is obligatory upon the court to grant a motion to revive, made upon proper affidavits showing the necessary facts, and that no mere lapse of time can defeat the application.   There is certainly an apparent, if not a real, conflict between the decision of these two cases, and ordinarily the later should be followed, as the more recent exposition of the law, unless a distinction can be drawn between them.   The only distinction I am able to draw is that in the first case the action was in equity, and in the second case it was an action at law.   Whether that distinction is a sound one, and whether it shall be maintained, may be still a debatable question, notwithstanding *Greene* v. *Martine,* 21 Hun, 136; affirmed, 84 N. Y. 648,—and it is an important question, which can be finally determined by the court of appeals only.   In view of its great importance, and the fact that the opinion delivered in the second case above referred to takes no notice whatever of the grounds of the decision of the first case, the question should be once more presented to that court for final determination.

For the reason stated, and the action now sought to be revived and continued being of an equitable character, I think it is in the interest of all parties to affirm the order appealed from, so that the question involved may be squarely presented to the court of appeals and put at rest by that court.

Order affirmed, with $10 costs and disbursements.   All concur.