THOMAS F. MASON, as Receiver, etc., Respondent, *v.* DRURIE S. SANFORD, as Executor, etc., Appellant.

In an action at law, no mere lapse of time will absolutely defeat an appli-
cation for a revival of the action and continuation thereof in the name
of the representative of a deceased party; the motion to revive, how-
ever, may be denied for *laches* in making it.

In an equity action, there is a time limitation of ten years, but the court
may deny the motion on account of prejudicial *laches* within that period.

(Argued March 13, 1893; decided March 21, 1893.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made the first Monday of March, 1892, which affirmed an order of Special Term granting plaintiff leave to sever the above-entitled action and to revive the same by substituting the executors of the will of defendant Sanford, deceased, in his stead, and to serve a supplemental summons and complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*P. H. Vernon* for appellant. The established rule in equity is that the Statute of Limitations applicable to the cause of action alleged in the bill of complaint may be pleaded to a bill of revivor, and must be applied by the court. (*Coit* v. *Campbell,* 32 N. Y. 509; Code Civ. Pro. § 757; *Hovendeu* v. *Annesly,* 2 Sch. & Lef. 632; Story's Eq. Pl. § 831.) The cause of action alleged in the complaint is subject to the six years' Statute of Limitations. (*Pierson* v. *McCurdy,* 100 N. Y. 608; *Kane* v. *Bloodgood,* 7 Johns. Ch. 90–118; *Butler* v. *Johnson,* 111 N. Y. 204; *Smith* v. *Wood,* 42 N. J. Eq. 563; *Hun* v. *Carey,* 82 N. Y. 65; *Williams* v. *Halliard,* 38 N. J. Eq. 273; *Spering's Appeal,* 71 Penn. St. 11; *Carr* v. *Thompson,* 87 N. Y. 160; *In re Neilly,* 95 id. 382–390; *Mills* v. *Mills,* 115 id. 80.)

*William C. Trull* for respondent. The action did not abate by the death of the defendant Sanford. (*Pierson* v.

*Morgan*, 121 N. Y. 705; *Haight* v. *Hait*, 19 id. 464; *Cregin* v. *B. C. R. R. Co.*, 75 id. 192; 83 id. 595; *Graves* v. *Spier*, 58 Barb. 349–385; *Heinmuller* v. *Gray*, 13 Abb. [N. S.] 299; *Bond* v. *Smith*, 4 Hun, 48.) The action not having abated by the death of the defendant Sanford, it was properly severed and revived against his executor. (Code Civ. Pro. §§ 758–760; *U. Bank* v. *Mott*, 27 N. Y. 633; *Arthur* v. *Griswold*, 60 id. 143; *Scholley* v. *Halsey*, 72 id. 578; *Bond* v. *Smith*, 4 Hun, 48.) The claim that the motion to revive should have been denied upon the ground that the Statute of Limitations had run against the cause of action is not well taken. (*Brinkerhoff* v. *Bostwick*, 99 N. Y. 185; 20 Abb. [N. C.] 428.)

Earl, J. This action was commenced by Henry R. Pierson, as receiver, and, he having died, Thomas F. Mason was substituted as plaintiff in his stead. The action was commenced in 1879 against the defendants as trustees of the Widows and Orphans' Benefit Life Insurance Company for an accounting as to the assets of the company diverted, wasted and misapplied by them in the manner and under the circumstances described in the complaint. The action was put in issue by the answers of the defendants, and the defendant Sanford died in October, 1882. He left a will which was admitted to probate in January, 1883, and letters testamentary thereon were issued at that time to the executor named therein. In March, 1891, the plaintiff made a motion for leave to sever the action and revive the same against the executor, and the motion was granted. The executor claims that the action could not be revived against him because more than six years had elapsed after letters testamentary were issued to him; and he invokes the rule which has obtained in courts of equity that an action in equity will not be revived against the representatives of a deceased party where there has been such a lapse of time since administration was granted upon his estate as would have barred the action if the same time had elapsed after the cause of action had accrued before the commence-

ment of the action. And he cites Mitford's Ch. Pl. 290;
Cooper's Eq. Pl. 302; Story's Eq. Pl. § 831; *Hollingshead's
Case* (1 Peere Williams R. 742); *Coit* v. *Campbell* (82 N. Y.
509). The rule which he invokes could not be so applied as
to defeat this motion, because, for the purpose of revivor, this
action must obviously be treated either as an action at law
or an action in equity. If it be treated as an action at law
then, as we held in *Evans* v. *Cleveland* (72 N. Y. 486), no
mere lapse of time could absolutely defeat the application for
a continuation of such an action in the name of the represen-
tative of the deceased party. If it be treated as an action in
equity then the ten years' limitation applied. It would be an
unjust application of the rule contended for to hold that while
this is an action in equity, yet because the same relief could
have been obtained in an action at law, therefore, the legal
limitation which should have been applied to the action is six
years instead of ten, and thus obtain a defense to this motion
which would not have been available if the action had been
distinctly one at law, or one in equity where equitable relief
only could be granted. Therefore, for this reason, without
determining whether the plaintiff could have obtained the
same relief in an action at law which he seeks in this action,
we are of opinion that the lapse of time furnishes no defense
to the motion of the plaintiff.

But there is a further answer to the position taken by the
executor in opposition to this motion. The action is distinctly
in equity and prays only for equitable relief. We cannot now
say by looking at the pleadings that all the relief the plaintiff
will obtain will be such as he could obtain in an action at law.
We cannot now foresee what state of things will be developed
upon the trial nor what kind of relief will be justified and
required by the facts which may be found to exist. It may
turn out that all the relief the plaintiff will need and obtain
will be such as he could have obtained in an action at law.
But we cannot now certainly know that, and hence we cannot
in considering this motion assume it, and on that ground hold
that it should have been denied on the ground of the lapse of
the six years.

The rule as to the revival of actions by the substitution of the representative of a deceased party in this state is as follows: In legal actions there is no mere time limitation, but the motion to revive may be denied for laches in making the motion. In equity actions there is a time limitation of ten years; but in such actions, on account of prejudicial laches, the court may refuse the reviver within the period of limitation. (*Evans* v. *Cleveland; Coit* v. *Campbell, supra; Lyon* v. *Park*, 111 N. Y. 350.)

We are, therefore, of opinion, that the order should be affirmed, with costs.

All concur, except Peckham, J., not sitting.

Order affirmed.