(19 App. Div. 306.) •

### FORSTER v. CANTONI.

(Supreme Court, Appellate Division, First Department. June 18, 1897.)

ABATEMENT OF ACTION—DEATH OF DEFENDANT.

When two causes of action are joined in one complaint, one of which survives and the other does not, the plaintiff, after the death of the defendant, is entitled, under section 757 of the Code of Civil Procedure, to have the action continued against the representative of the defendant as to the cause which survives, at least upon condition of striking out the cause which does not survive, and this without regard to the fact that the plaintiff's conduct may be shown by the statements of the complaint to have been immoral, and contrary to public policy.

Rumsey, J., dissenting.

Appeal from special term, New York county.

Action by Elsa Forster against Salvatore Cantoni. On the death of defendant, plaintiff moved that the action be revised against Louis E. Bomeisler, as executor. From an order denying the motion (44 N. Y. Supp. 241) she appeals. Reversed.

Argued before RUMSEY, PATTERSON, O'BRIEN, INGRAHAM, and PARKER, JJ.

Samuel H. Randall, for appellant.
William B. Hornblower, for respondent.

INGRAHAM, J. By section 757 of the Code it is provided that, "in case of the death of a sole plaintiff or a sole defendant, if the cause of action survives or continues, the court must, upon a motion, allow or compel the action to be continued, by or against his representative or successor in interest." The original defendant in this action was the sole defendant, and, if the cause of action survives or continues, the plaintiff has a right to have the action continued as against the representative of the defendant. It is conceded that in this case the first cause of action did not survive the death of the defendant, but

that the second cause of action did.    The question, therefore, is whether or not, under the mandatory provision of the 'Code, the plaintiff is entitled to have the action continued at any rate so far as to allow her to try the second cause of action, and I can see no reason why she should not have that right, assuming that, notwithstanding the mandatory provision of this section of the Code, there is still a discretion vested in the court to determine whether or not the plaintiff has lost her right to continue the action by laches, or such conduct as would make it inequitable to allow her to take advantage of the provisions of this section.    To justify a denial of the application, the facts presented to the court must show some act of the party applying which would justify the court in refusing to give to the applicant the relief that the Code directs.    It is not claimed here that the plaintiff has been guilty of laches in making the application, but it is claimed that because the plaintiff has united in the same complaint two causes of action, one of which would survive and the other would not, such joinder of causes of action gives to the court a discretion to refuse to continue the action as to the cause of action which does survive; and stress is laid upon the fact that the first cause of action as alleged shows a flagrant violation of her duties as the wife of her former husband, and that the contract upon which she bases her right to recover . is one which is immoral, and contrary to public policy to enforce. While I am not disposed to question the accuracy of this statement of the first cause of action, still I know of no rule which allows a court to refuse to give a plaintiff relief, where a good cause of action is alleged, because the plaintiff's conduct has been immoral, or against public policy.    Nor do I think, under the provisions of the Code, that the court is justified in denying absolutely a right to continue an action to recover for a cause of action that survives because the plaintiff has joined such a cause of action with one that does not survive. By section 755 of the Code it is provided that an action does not abate by any event, if the cause of action survives or continues.    I think this applies when one of several causes of action alleged in the complaint survives, as well as where all of the causes of action survive, and that in such a case the court is bound to allow the action to be continued as to the cause of action which does survive.    Such an order is not an adjudication that all of the causes of action survive. The order itself can expressly adjudge that as to the cause of action that did not survive the action is not continued; or, exercising the discretionary power vested in the court, which seems to be recognized by the decisions of the court of appeals, the motion could be granted upon condition that the plaintiff consent to strike from the complaint the cause or causes of action which do not survive.

An affirmance of this order would defeat the plaintiff's right to any substantial recovery upon this cause of action which does survive, for the statute of limitations has run against the greater portion, if not all, of this second cause of action.    I think the plaintiff is entitled to have that cause of action tried by the method provided by law, and that she should not be deprived of that right unless it appears that in some way she has lost it by virtue of some act of hers which would make it inequitable to allow her to proceed.

In the case of Coit v. Campbell, 82 N. Y. 515, in construing section 757 of the Code, the court say: "We think the true construction is that, where a party has the right to a revivor or continuance of the action, the relief must be granted on motion. And we also think that this right is to be determined according to settled rules of procedure in equity, so far as they have been established by precedent." And in the case of Holsman v. St. John, 90 N. Y. 464, it was held that, where a cause of action survived, it was error on the part of the court below to refuse to revive the action upon motion, and the court of appeals in that case reversed the order of the superior court, and granted the motion.

I think, therefore, that the order should be reversed, and the motion granted, upon condition that the plaintiff consent to strike out the first cause of action; $10 costs of this appeal and the disbursements to abide the event of the action.

PATTERSON, O'BRIEN, and PARKER, JJ., concur.

RUMSEY, J. I dissent. I do not think that this is one of the cases in which the court has power to exercise any discretion. The right to substitute the executor of a deceased party is solely statutory, and it can only be done as to the whole action. There is no provision in the Code for the joinder of two causes of action, one of which survives and the other does not; and for that reason I think that when two of such causes are joined, if the defendant dies, the plaintiff cannot continue the executor as to the living cause of action, striking out the other. But if I am wrong, and there is a discretion in the court, I do not think that it is proper to exercise such discretion in favor of a confessed adulteress, so as to enable her to recover the wages of her sin out of the pockets of the widow and children of her paramour, although she alleges that she acted as his housekeeper at the time she was living with him as his mistress.