performed are in their nature judicial. All acts which depend upon the decision of a question of law or the ascertainment and determination of a fact are judicial. A subordinate body can be directed to act, but cannot be directed to act in a particular manner, in a matter as to which it has the right to exercise its judgment."

Inasmuch as there was no stipulated sum agreed upon for the services of the relator in fumigating the Van Antwerp house, the town board, in examining the claim, had a right to exercise its judgment as to the value of the services rendered in that regard; and having exercised their judgment, and cut the claim down from $25 to $20, and made· a certificate for that amount, their action is controlling. In People v. Supervisors of Herkimer Co., 3 How. Prac. (N. S.) 242, it was said:

"Where, as in this case, the board might have required a more detailed statement of the expenditures than was given in the account as presented, yet where, instead of rejecting the claim, as they might have done, they proceeded to act upon it and investigate it, and to a certain extent allowed it, their action will not be interfered with by mandamus."

We think the action of the town board in 1896, in refusing to allow the duplicate claim made by the relator, ought not to be disturbed, and that the special term was warranted in refusing the alternative or peremptory writ of mandamus asked for. Order affirmed, with costs. All concur.

---

(27 App. Div. 144.)

PRINGLE v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, First Department. March 25, 1898.)

REVIVAL OF ACTION—LACHES—WAIVER.
In an action to recover damages for the death of plaintiff's testator, issue was joined in 1886, and the action was reached for trial in 1888, and was marked "Reserved generally." The plaintiff, who was executrix of the deceased, died in July, 1894, and letters of administration with the will annexed were issued to her successor in October, 1897. In December, 1897, a motion by the administrator to revive the action, and continue the same in his name, was denied on the ground of laches. Held, that laches was no answer to such a motion, for under Code Civ. Proc. § 761, the living party had it in its power to have compelled the revivor of the action and a trial, or, in default thereof, to have the action abated, and, not having availed itself of this right, it could not claim to have been injured by the delay.

Appeal from special term, New York county.

Action by Mary B. Pringle, as executrix, against the Long Island Railroad Company. James S. Biddell, as administrator of plaintiff, appealed from an order denying a motion to revive the action. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

James E. Duross, for appellant.
W. J. Kelly, for respondent.

VAN BRUNT, P. J. This action was commenced in 1886, to recover damages for the death of the plaintiff's testator, which was alleged to have been caused by the negligence of the defendant. Issue was joined in June, 1886. The action was noticed for trial in May,·

1887, and was reached for trial in May, 1888, when it was marked "Reserved generally." No further proceedings were taken until the service of the motion papers on this application in October, 1897. The plaintiff, who was the executrix of the deceased, died on the 2d of July, 1894, and on the 15th of October, 1897, letters of administration with the will annexed were issued to the appellant. A motion was thereupon made in December, 1897, to revive the action and continue the same in the name of such administrator with the will annexed, which motion was denied, apparently upon the ground of laches in making it. It would seem that the case of Holsman v. St. John, 90 N. Y. 461, holds that laches was no answer to such a motion; that such a rule works no injury to the adverse party, for, under section 761 of the present Code, the court may, upon the application of the living party, prescribe a time not less than six months, and not more than a year, wherein the representative of the deceased party must be substituted, or, in default, it may direct that the action abate; and that, therefore, the defendant had it in its power to compel the revivor of the action and a trial of the same, in default of which the action would abate.

In view of this authority, it would seem that the order of the court below was wrong, and should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

RUMSEY and McLAUGHLIN, JJ., concur. INGRAHAM, J., concurs in result.