(33 App. Div. 456.)

CROWLEY et al. v. MURPHY.

(Supreme Court, Appellate Division, First Department. October 21, 1898.)

REVIVAL OF ACTIONS—DISCRETION OF COURT—LACHES.

Under Code Civ. Proc. § 757, as amended in 1879, providing that where a cause of action survives it shall not abate by the death of a party, but "the court must, on motion, allow or compel the action to be continued," the court has discretion as to allowing an action to be continued where the moving party has been guilty of laches in making the motion.

Appeal from special term, New York county.

Ejectment by Cornelius G. Crowley and Ellen Daly against Mary Murphy. From an order of the special term denying plaintiffs' motion for the revival and continuance of the action against the representative and successor in interest of the deceased defendant, under Code Civ. Proc. § 757, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

F. J. Mather, for appellants.
D. B. Ogden, for respondent.

O'BRIEN, J. Unless the right here sought for the revival and continuance of the action is accorded under sections 755 and 757 of the Code of Civil Procedure, then, on the grounds of laches, which

are enumerated and considered in the court below, it should be denied. The appellants, however, contend that such right is absolute; and reference is made, not only to the mandatory language of the Code provisions, but also to certain authorities,—particularly to Holsman v. St. John, 90 N. Y. 461, and Pringle v. Railroad Co., 27 App. Div. 144, 50 N. Y. Supp. 536. These are undoubted authorities in favor of the appellants' contention. The case of Pringle v. Railroad Co., supra, merely followed the decision in Holsman v. St. John, supra, in which the court of appeals said:

"All applications to continue an action in case of the death of a party must be made by motion, and upon proper affidavits showing the facts, and the court must grant the order. Even under the old Code, where the language was permissive, it was held by this court that in an action at law 'no mere lapse of time would absolutely defeat an application for its continuance on a supplemental complaint in the name of a representative of a deceased party.' Evans v. Cleveland, 72 N. Y. 486."

In the Pringle Case, supra, attention was not called to the three cases of Shipman v. Railroad Co., 11 App. Div. 49, 39 N. Y. Supp. 498, and 41 N. Y. Supp. 1131; Lyon v. Park, 111 N. Y. 350, 18 N. E. 863; and Mason v. Sanford, 137 N. Y. 497, 33 N. E. 546. In the latter case (137 N. Y. 500, 33 N. E. 547), upon a review of the authorities, it was said:

"The rule as to the revival of actions by the substitution of the representative of a deceased party in this state is as follows: In legal actions there is no mere time limitation, but the motion to revive may be denied for laches in making the motion. In equity actions there is a time limitation of ten years; but in such actions, on account of prejudicial laches, the court may refuse the revivor within the period of limitation."

Although there thus appears to be a conflict of authorities, this court should follow the later decisions, not only because in point of time they are the later expressions of our court of appeals, but also because they seem to be founded upon stronger reasons, and recognize the force of the decisions in our courts which uniformly support the discretionary power in determining whether or not relief should be accorded where there is laches.

As, under the rule stated, laches is a bar to the right to have an action revived, it follows, for the reasons given by the learned judge in the opinion below, that the order appealed from should be affirmed, with $10 costs and disbursements. All concur.