MARY B. PRINGLE, as Executrix of the Last Will and Testament of JAMES E. PRINGLE, Deceased, Respondent, *v.* THE LONG ISLAND RAILROAD COMPANY, Appellant.

In the Matter of the Application of JAMES S. BIDDELL, as Administrator with the Will Annexed of JAMES E. PRINGLE.

1. REVIVOR OF ACTION — LACHES. *Laches*, on the part of the plaintiff, is an answer to a motion for a revivor in an action for damages brought against a defendant by reason of alleged negligence.

2. APPEAL — OPINION AS PART OF RECORD. When an order certifying a question for review expressly refers to the opinion of the Appellate Division, the opinion becomes a part of the record and can be resorted to by the Court of Appeals for the purpose of ascertaining the ground of the decision appealed from.

3. REMITTANCE OF CASE FOR FURTHER CONSIDERATION. When, on appeal from an order of the Appellate Division reversing an order denying a motion for revivor, and granting the motion, the record shows that the action of the Appellate Division was based on the erroneous proposition that *laches* is no answer to such a motion, without consideration of the question of fact as to the existence of *laches*, raised by conflicting affidavits, the Court of Appeals, on reversing the order of the Appellate Division, will remit the case to that court for further consideration.

*Pringle* v. *Long Island R. R. Co.*, 27 App. Div. 144, reversed.

(Argued October 5, 1898; decided October 25, 1898.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 14, 1898, reversing an order of the Special Term, and granting a motion to substitute James S. Biddell as administrator with the will annexed of James E. Pringle, deceased, as plaintiff in this action. .

This action was commenced on the 20th of May, 1886, to recover damages from the defendant on account of its alleged negligence, which resulted in the death of James E. Pringle on or about the 8th of March, 1886. Mrs. Pringle died on the second of July, 1894, and letters of administration with the will annexed were issued to James S. Biddell on the 15th

of October, 1897. Eight days later a motion was made to substitute Mr. Biddell as administrator with the will annexed as plaintiff in the action and to continue it in his name as such. Upon the hearing of said motion, affidavits were read in behalf of the defendant tending to show *laches* on the part of the plaintiff, and affidavits were read in behalf of the plaintiff tending to excuse such *laches*. The Special Term denied the motion, as appears from the opinion of the justice presiding, on the ground of "*laches* in making it." Upon appeal the Appellate Division reversed the order and granted the motion without specifying any reason or ground in its order, but in its opinion stating that *laches* is no answer to such a motion, upon the authority of *Holsman* v. *St. John* (90 N. Y. 461). An appeal was allowed to this court and the following question certified : " Is *laches*, on the part of the plaintiff, an answer to a motion for a revivor in an action for damages brought against a defendant by reason of alleged negligence ? "

*William J. Kelly* for appellant. The provisions of the Code (§ 757) are not mandatory; the right to a continuance on the death of a party, where the cause of action survives, is not of so absolute a character as to preclude the court, in the exercise of a legal discretion, having regard to all the circumstances, from denying a continuance. (*Lyon* v. *Park*, 111 N. Y. 350 ; *Mason* v. *Sanford*, 137 N. Y. 497; *Beach* v. *Reynolds*, 53 N. Y. 1–10 ; *Coit* v. *Campbell*, 82 N. Y. 509; *Holsman* v. *St. John*, 90 N. Y. 461.) The motion was properly denied on account of the gross *laches* of the moving party. (*Johnson* v. *Standard Mining Co.*, 148 U. S. 360 ; *Mason* v. *Hartford, etc., R. R.*, 19 Fed. Rep. 53 ; Story's Eq. Plead. § 831 ; *Hayward* v. *National Bank*, 96 U. S. 617 ; *Goodyear D. V. Co.* v. *White*, 46 Fed. Rep. 278 ; *Lyon* v. *Park*, 111 N. Y. 350 ; *Cavanaugh* v. *Scott*, 54 N. W. Rep. 328 ; *Beach* v. *Reynolds*, 53 N. Y. 1.)

*Isaac N. Miller* for respondent. It is obligatory upon the court to grant a motion to revive. (*Holsman* v. *St. John*, 90

N. Y. 461; *Greene* v. *Martine*, 21 Hun, 136; *Van Brocklin* v. *Van Brocklin*, 17 App. Div. 227.) The question is improperly certified to this court. (*Grannan* v. *Westchester Racing Assn.*, 153 N. Y. 449; *Baxter* v. *McDonnell*, 154 N. Y. 432; *Hearst* v. *Shea*, 156 N. Y. 169.) There was no *laches*. (12 Am. & Eng. Ency. of Law, 533; *Lyon* v. *Park*, 111 N. Y. 350; *Mason* v. *Sanford*, 137 N. Y. 497; *Gas Works Con. Co.* v. *Monheimer*, 20 N. Y. Supp. 501; *Clare* v. *Cruttenden*, 11 N. Y. Supp. 519.)

Vann, J. The decision of this appeal depends upon the construction to be given to sections 757 and 761 of the Code of Civil Procedure. These sections take the place of portions of section 121 of the Code of Procedure, which, as originally enacted, provided that no action should abate by the death of a party, and that " the court must, upon a supplementary summons and complaint, or in its discretion, upon a motion, if made within one year after a decedent's death, in a proper case, allow or compel the action to be continued by or against his representative or successor in interest." In 1877 this section was amended by striking out the provision relating to a supplemental summons and complaint and directing that " the court must, upon a motion, allow or compel the action to be continued," etc. This is the language of section 757 of the Code of Civil Procedure as now in force. Section 761 provides that at any time after the death of the plaintiff, the court may, in its discretion, upon notice to such persons as it directs, and upon the application of the adverse party, or of the person whose interest is affected, direct that the action abate unless it is continued by the proper parties within a time specified in the order.

In *Beach* v. *Reynolds* (53 N. Y. 1), which was an action in equity, it was held that the right of the representatives of a deceased party to continue an action pending at the time of his death is not absolute, but rests in the legal discretion of the court; that leave to continue the action may be granted or refused according to the particular circumstances of each

case ; that a long delay in making the application, unexcused, constitutes *laches* and a valid reason for refusing the relief asked for ; that in such cases the equitable rule which requires reasonable diligence as well as good faith to put the court in motion, prevails, and that the court will not aid the party who has slept upon his rights in the enforcement of stale demands.

In *Evans* v. *Cleveland* (72 N. Y. 486), where the effort to continue was by supplemental complaint, the court cited *Beach* v. *Reynolds*, and held that no mere lapse of time would absolutely defeat an application for the continuance of an action at law in the name of the representative of a deceased party, and that if the delay has been unreasonable, or in any way damaging to the defendant, the application may be denied.

In *Coit* v. *Campbell* (82 N. Y. 509), which arose upon a motion to revive an action in equity, it was held, in substance, that the word *must*, as used in section 757, is imperative only so far as to require that where the right of continuance exists it must be granted on motion, without putting the party to a supplemental pleading, and that the courts still have a legal discretion to refuse an application in an equity case where there has been *laches*.

The next case in order of time to which our attention has been called is the one upon which the learned Appellate Division relied, *Holsman* v. *St. John* (90 N. Y. 461), which holds that an application for a continuance must now be made by motion ; that upon proper affidavits showing the facts, the court must grant the order, and that no mere lapse of time can defeat the application.

When the question was next presented, however, in *Lyon* v. *Park* (111 N. Y. 350) it was held that as an application to the court is necessary to authorize the revival or continuance of an action, the court may, on the ground of inexcusable *laches*, and where otherwise irreparable injury will be suffered by the opposite party, deny the application, because the right to the continuance is not of so absolute a nature as to preclude the court, in the exercise of a legal discretion, from denying it. The case of *Holsman* v. *St. John* (*supra*), although cited by

counsel, was not mentioned by the court in its opinion. *Coit* v. *Campbell* (*supra*), and *Evans* v. *Cleveland* (*supra*) were reviewed, and the latter expressly relied upon.

The last utterance of the court upon the subject was in *Mason* v. *Sanford* (137 N. Y. 497), which was a motion for substitution, and the following rule was laid down: " The rule as to the revival of actions by the substitution of the representative of a deceased party in this state is as follows: In legal actions there is no mere time limitation, but the motion to revive may be denied for *laches* in making the motion. In equity actions there is a time limitation of ten years; but in such actions, on account of prejudicial *laches*, the court may refuse the revivor within the period of limitation," citing *Evans* v. *Cleveland*, *Coit* v. *Campbell*, and *Lyon* v. *Park*. *Holsman* v. *St. John* does not appear to have been cited, and was not mentioned by the court.

We feel bound to follow the latest decisions, which require us to answer the question certified in the affirmative.

The order of the Appellate Division does not state that that court decided the question of fact as to *laches* in favor of either party, and, according to the general rule, we could not look into the opinion for information upon the subject. (*Koehler* v. *Hughes*, 148 N. Y. 507.) The ordinary presumption, in support of the order appealed from, would be that the court decided the question of fact in favor of the prevailing party. This appeal, however, is certified to us, and our jurisdiction to review depends upon the order of certification, which expressly refers to the opinion of the Appellate Division rendered in deciding the appeal from the Special Term. Under these circumstances, we think the opinion becomes a part of the record before us, and, hence, it appears that the action of the court was based upon the case of *Holsman* v. *St. John*, and that the court did not consider the question of fact presented by the conflicting affidavits read upon the motion. The defendant, therefore, although entitled to a review of that question by the Appellate Division, has not yet had the benefit of its consideration by that learned court.

We, therefore, reverse the order appealed from, answer the question certified in the affirmative and remit the case to the Appellate Division for further consideration, with costs of this appeal to the defendant to abide the event.

All concur.

Order reversed, etc. _____