### HALE v. SHANNON et al.

(Supreme Court, Appellate Division, First Department. February 25, 1901.)

1. JUDGMENT—ASSIGNMENT—REVERSAL—NEW TRIAL—SUBSTITUTION OF PLAINTIFF—STATUTES.

Code Civ. Proc. § 757, provides that in case of the death of a plaintiff, if the cause of action survive, the court must, on motion, allow the action to be continued by his representatives or successors in interest. Section 756 declares that in case of a transfer of interest the action may be con-

tinued by the original party, unless the court directed the person to whom the interest is transferred to be substituted. *Held,* that where, after the assignment of a judgment in favor of plaintiff, a new trial was ordered, and the plaintiff died, an application by the assignee to be substituted as plaintiff should have been made under section 756, instead of section 757.

2. SAME—LACHES.

Where there was a judgment in favor of plaintiff, and on appeal a new trial was ordered, and the judgment had been assigned, but no notice thereof was given defendants, and thereafter plaintiff died, but no personal representative was appointed, or anything done for over 10 years indicating an intention to continue the action, a motion by the assignees to be substituted as plaintiff—the only excuse for the delay being that the moving parties believed the defendants insolvent, but had learned of their responsibility—was properly denied because of laches.

Appeal from special term, New York county.

Action by Samuel W. Hale against William P. Shannon and others. From an order denying a motion to revive the action in the names of Mary Louisa Love and others as plaintiffs in place of Samuel W. Hale, deceased, the moving parties appeal. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Joseph P. Osborne, for appellants.
Emanuel G. Bullard, for respondents.

INGRAHAM, J. This action was commenced in the year 1889, and is brought to recover upon four promissory notes dated May 19, 1882. The defendants interposed an answer alleging that the notes were procured by fraud. The action was tried in March, 1890, and resulted in a verdict for the plaintiff, which upon appeal to the late general term of the supreme court was reversed by an order entered September 4, 1890. In the moving papers it is alleged that on June 17, 1890, the plaintiff duly assigned the said judgment and all moneys due and to grow due to the plaintiff thereon, and thereafter, on October 16, 1891, the plaintiff died. Subsequently, and on February 21, 1900, the assignee duly transferred the said judgment and all moneys due and to grow due thereon to the parties who now apply to be substituted as plaintiffs, whereupon this motion was made. The defendants resisted the motion upon the ground that the delay of over 10 years in making the motion after the judgment was reversed and a new trial ordered was such laches as justified the denial of the motion, and that since the former trial several of the defendants' witnesses have died, and the defendants are thereby deprived of their testimony. It further appears that no personal representatives of the plaintiff have been appointed, and therefore no notice of this application has been given to any one representing the plaintiff in the action.

This application seems to have been made under section 757 of the Code. It is there provided that "in case of the death of a sole plaintiff or a sole defendant, if the cause of action survives or continues, the court must, upon a motion, allow or compel the action to be continued by or against his representatives or successor in interest." The moving parties, however, did not come within the provisions of this section, for this applies only where the personal representatives

of the deceased party or his successors in interest make the application; his successors in interest evidently being those succeeding to his right of action, where the deceased party sues in a representative capacity, as trustee, executor, receiver, or in a capacity of a like character. Where there has been a transfer of interest the right to substitute the transferee is based upon section 756 of the Code, which provides that in case of a transfer of interest the action may be continued by or against the original party, unless the court directs the person to whom the interest is transferred or upon whom the liability is devolved to be substituted in the action or joined with the original party, as the case requires. In a case specified in this section it is clear that the right to substitute the transferee of a cause of action is in the discretion of the court, and that discretion should never be exercised where the moving parties have been guilty of °gross laches, and delay has been an injury to the adverse party.

But, assuming that the court could revive this action under section 757 of the Code, we think the learned judge was justified in denying the motion upon the ground of laches. There seems to have been a conflict between Holsman v. St. John, 90 N. Y. 461, and Mason v. Sanford, 137 N. Y. 497, 33 N. E. 546. In the case of Pringle v. Railroad Co., 27 App. Div. 144, 50 N. Y. Supp. 536, we applied the case of Holsman v. St. John, granted the motion upon the ground that laches was no answer to such a motion, and certified to the court of appeals the question as follows:

"Is laches on the part of the plaintiff an answer to a motion for a revivor in an action for damages brought against the defendant by reason of alleged negligence?"

The court of appeals, after reviewing all of the cases, reaffirmed the decision in Mason v. Sanford, and answered that question in the affirmative; thus holding that laches on the part of the plaintiff is an answer to a motion for a revivor in an action for damages. Pringle v. Railroad Co., 157 N. Y. 100, 51 N. E. 435. And this question must now be considered settled by that decision. The laches in this case was so great that we think the court below was bound to deny the motion. The only excuse offered by the applicants for the delay is the fact that they considered the defendants insolvent, and have now just been informed that they have become solvent; but we do not think that this would justify the delay. A new trial was ordered in September, 1890. It is alleged that prior to the reversal of the judgment it was assigned; but no notice of that assignment seems to have been given to the defendants, and in the following year the plaintiff died. No person representative of the plaintiff was appointed, and nothing was done for over 10 years which indicated an intention to continue the action or retry the case. Such a delay was practically an abandonment of the right to enforce this claim against the defendants, and, as the plaintiff was dead and no personal representatives were appointed, the defendants were justified in assuming that the claim against them was abandoned.

The order appealed from is therefore affirmed, with $10 costs and disbursements. All concur.