SAMUEL W. HALE, Plaintiff, v. WILLIAM P. SHANNON and Others, Respondents.

MARY LOUISE LOVE and Others, Representatives and Successors in Interest of SAMUEL W. HALE, Deceased, Appellants.

*Substitution of assignees of an original plaintiff* — laches *is a defense to an application therefor* — "*successor in interest*" *defined.*

An action commenced in 1889 to recover the amount of four promissory notes dated May 19, 1882, was tried in March, 1890, and resulted in a verdict for the plaintiff. June 17, 1890, the plaintiff assigned the judgment and all moneys due and to grow due thereon. September 4, 1890, the General Term reversed the judgment in favor of the plaintiff and ordered a new trial. October 16, 1891, the plaintiff died and no personal representative of his estate was ever appointed, nor was any attempt made to bring the action on for the new trial ordered by the General Term. February 21, 1900, the assignee of the judgment assigned the same and his assignees thereupon made a motion to revive and continue the action in their names, alleging, as an excuse for the delay, the fact that they had considered the defendants insolvent and had just been informed that they had become solvent.

*Held,* that the motion was properly denied on the ground of *laches.*

*Semble,* that an application to revive an action in case of a devolution or transfer of the original plaintiff's interest, is governed by section 756 of the Code of Civil Procedure, and that the term "successor in interest," used in section 757 of that Code, refers to cases where the plaintiff brought the suit in a representative capacity.

APPEAL by Mary Louise Love and others, representatives and successors in interest of Samuel W. Hale, deceased, from an order of the Supreme Court, made at the New York Special Term, and entered in the office of the clerk of the county of New York on the 29th day of October, 1900, denying their motion to revive and continue the action in their names as plaintiffs, in the place and stead of said Samuel W. Hale, deceased.

*Joseph P. Osborne,* for the appellants.

*Emanuel G. Bullard,* for the respondents.

INGRAHAM, J.:

This action was commenced in the year 1889, and is brought to recover upon four promissory notes dated May 19, 1882. The

defendants interposed an answer alleging that the notes were procured by fraud. The action was tried in March, 1890, and resulted in a verdict for the plaintiff which, upon appeal to the late General Term of the Supreme Court, was reversed by an order entered September 4, 1890. (57 Hun, 466.) In the moving papers it is alleged that on June 17, 1890, the plaintiff duly assigned the said judgment and all moneys due and to grow due to the plaintiff thereon, and thereafter on October 16, 1891, the plaintiff died. Subsequently, and on February 21, 1900, the assignee duly transferred the said judgment and all moneys due and to grow due thereon to the parties who now apply to be substituted as plaintiff; whereupon this motion was made. The defendants resisted the motion upon the ground that the delay of over ten years in making the motion after the judgment was reversed and a new trial ordered, is such *laches* as justified the denial of the motion, and that since the former trial several of the defendants' witnesses have died, and the defendants are thereby deprived of their testimony. It further appears that no personal representatives of the plaintiff have been appointed, and, therefore, no notice of this application has been given to any one representing the plaintiff in the action.

This application seems to have been made under section 757 of the Code. It is there provided that "in case of the death of a sole plaintiff or a sole defendant, if the cause of action survives or continues, the court must, upon a motion, allow or compel the action to be continued by or against his representative or successor in interest." The moving parties, however, did not come within the provisions of this section, for this applies only where the personal representatives of the deceased party or his successors in interest make the application, his successors in interest evidently being those succeeding to his right of action, where the deceased party sues in a representative capacity as trustee, executor, receiver, or in a capacity of a like character. Where there has been a transfer of interest, the right to substitute the transferee is based upon section 756 of the Code, which provides that in case of a transfer of interest the action may be continued by or against the original party, unless the court directs the person to whom the interest is transferred, or upon whom the liability is devolved, to be substituted in the action or joined with the original party as the case requires. In a case

specified in this section it is clear that the right to substitute the transferee of a cause of action is in the discretion of the court, and that discretion should never be exercised where the moving parties have been guilty of gross *laches,* and the delay has been an injury to the adverse party.

But, assuming that the court could revive this action under section 757 of the Code, we think the learned judge was justified in denying the motion upon the ground of *laches.* There seems to have been a conflict between *Holsman* v. *St. John* (90 N. Y. 461) and *Mason* v. *Sanford* (137 id. 497). In the case of *Pringle* v. *Long Island R. R. Co.* (27 App. Div. 144) we applied the case of *Holsman* v. *St. John,* granted the motion upon the ground that *laches* was no answer to such a motion, and certified the question to the Court of Appeals as follows: " Is *laches* on the part of the plaintiff an answer to a motion for a revivor in an action for damages brought against a defendant by reason of alleged negligence?" The Court of Appeals, after reviewing all of the cases, reaffirmed the decision in *Mason* v. *Sanford,* and answered that question in the affirmative, thus holding that *laches* on the part of the plaintiff is an answer to a motion for a revivor in an action for damages (*Pringle* v. *Long Island R. R. Co.,* 157 N. Y. 100), and this question must now be considered settled by that decision. The *laches* in this case was so great that we think the court below was bound to deny the motion The only excuse offered by the applicants for the delay is the fact that they considered the defendants insolvent and have now just been informed that they have become solvent; but we do not think that this would justify the delay. A new trial was ordered in September, 1890. It is alleged that prior to the reversal of the judgment it was assigned; but no notice of that assignment seems to have been given to the defendants, and in the following year the plaintiff died. No personal representative of the plaintiff was appointed, and nothing was done for over ten years which indicated an intention to continue the action or retry the case. Such a delay was practically an abandonment of the right to enforce this claim against the defendants, and as the plaintiff was dead and no personal representatives were appointed, the defendants were justified in assuming that the claim against them was abandoned.

The order appealed from is, therefore, affirmed, with ten dollars costs and disbursements.

Van Brunt, P. J., Rumsey, O'Brien and McLaughlin, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.