(118 App. Div. 186)

### WASHINGTON TRUST CO. v. BALDWIN et al.

(Supreme Court, Appellate Division, First Department. March 8, 1907.)

ABATEMENT AND REVIVAL—DEATH OF DEFENDANT—REVIVAL—LACHES.

 The neglect of a party, without excuse, to revive an action after the death of defendant for a period which would bar the claim on which it was based, under the statute of limitations, requires a denial of the motion to revive it against defendant's executor.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Abatement and Revival, §§ 429–444.]

 Houghton, J., dissenting.

Appeal from Special Term, New York County.

Action by the Washington Trust Company of the city of New York against Christopher C. Baldwin and another executor. From an order reviving an action against defendants, they appeal. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, HOUGHTON, and LAMBERT, JJ.

Maunsell B. Field, for appellant.

W. C. Percy, for respondent.

INGRAHAM, J. This action was commenced in 1896 upon a demand note, dated October 1, 1895. No answer was interposed by the defendant and no judgment was entered. The original defendant made payments on account. He died, however, on May 12, 1897, leaving a will which was admitted to probate and letters testamentary issued to William Woodward Baldwin on June 23, 1897. The executor advertised for claims, and on the first of September, 1898, the plaintiff filed a claim upon this promissory note with the executor without stating that an action was pending. Nothing further was done; the executor neither rejecting nor admitting the claim. On October 1, 1906, the executor filed his final accounts, from which it appears that the estate is largely insolvent; and in that account the executor has stated that he contests the right of this plaintiff to participate in the estate upon the ground that the note is barred by the statute of limitations. Whereupon the plaintiff made a motion to revive the action as against the executor. This motion was made on the 26th day of November, 1906, nearly 10 years after the death of the testator, and letters testamentary had been issued to his executor. That motion was granted, and, from the order granting it, the executor appeals.

It seems to be settled that in an action at law there is no time fixed within which a motion to revive is barred; the time within which an action in equity can be revived being ten years. For some time it was considered doubtful whether or not the mere lapse of time justified the court in denying an application to revive an action at law, but that question was set at rest in Pringle v. L. I. R. R. Co., 157 N. Y. 100, 51 N. E. 435 where it was held that, although there was no time fixed by the statute within which an application to revive must be made, the court was justified in denying the application where laches was shown. Since that time it has been generally recognized that waiting until the demand would be barred by the statute of limitations was such laches as unexplained, justified a court in denying the motion to

102 N.Y.S.—70

revive. In Hale v. Shannon, 56 App. Div. 247, 68 N. Y. Supp. 803, we held that a delay of between 9 and 10 years was such laches as required the court to deny the motion to revive. Here the cause of action is long outlawed, and the time within which an action can be brought upon this obligation, if it accrued at the time of the death of the testator, has long since expired. . There is no excuse offered. The executor swears that since the death of the testator one of his sons has died, that the executor never heard of this action, and .that the plaintiff filed his claim with the executor without mentioning the fact that an action had been brought to enforce it. If no action had been pending at the death of the testator, the claim would have been outlawed. The mere fact that such an action was pending, and that the defendant has neglected to prosecute it without any excuse for a period which would bar the claim under the statute if it accrued when letters were issued, required the court to refuse to revive the action.

I think, therefore, that the order appealed from should be reversed, with $10 costs and disbursements, and the motion to revive the action denied, with $10 costs. All concur, except HOUGHTON, J., who dissents.

HOUGHTON, J. (dissenting). I think the order of revival was right, and should be affirmed.

The laches of plaintiff is not inexcusable. Action had been brought on the note during the lifetime of testator, and judgment was not entered because of agreed payments which he made up to his decease. After the qualification of the executors the claim was presented to them in due course, and was retained by them without dispute as to its validity for years, and until they filed their accounts in the surrogate's court. The retention of the claim without rejection for such length of time naturally and properly led plaintiff to assume that there was no question of its genuineness. If it was admitted as a claim against the estate, as plaintiff had a right to assume it was, there was no occasion to revive the action and seek to obtain judgment, for no necessity existed therefor, and no advantage of preference could be obtained thereby. By defendant's own act of retaining the claim without dispute, they led plaintiff to assume there was no occasion to revive the action, and no laches on plaintiff's part can be predicated on the course it pursued.

The defendants do not pretend that any witness who could testify to the invalidity of the note has died, so that they have been deprived of his evidence by the delay. They say some persons have died but refrain from stating they could testify to any facts if they were alive. They also say they do not know of any facts on which to base a defense, and do not know of any persons now alive who do. No more did their testator know of any defense, and he expressly recognized the validity of the note by making payments after the action was begun against him. The delay has not prejudiced defendants, or deprived them of any testimony or defense they once had. On the other hand, if it was true, as defendants assert, that they now have the right to dispute the note and interpose the defense of the statute of limitations, the plaintiff will suffer irreparable injury. More than nine years have

elapsed since the death of the testator, and more than eight years since the presentation of the claim. The plaintiff has no possible answer to the statute of limitations if it can now be interposed.

Personally, I do not think the law is, or ought to be, that an executor or administrator can retain a claim duly presented against his estate, until the six year statute of limitations has run, and then reject it and plead the statute; but the defendants assert that right, and, on the assumption that such right exists, it seems to me a very grave judicial error to deny to plaintiff the right to revive and prosecute its action to judgment.