LYON *et al.* *v.* UNION MUT. LIFE INS. CO. OF MAINE.

(*Supreme Court, General Term, First Department.* February 18, 1892.)

1. LIFE INSURANCE—CONSTRUCTION OF POLICY.
    A life insurance policy, after providing for the payment, on the assured's death, of a fixed sum to his children, in consideration of annual premiums, declared that, after full payment of two or more premiums, "this policy becomes a paid-up nonforfeiture for an amount equal to a sum of one-tenth of that hereby insured for each and every premium which shall have been so paid, requiring no further payment of premiums, subject to no assessments, but entitled to its apportionment of the surplus accumulation in the ratio of its contribution thereto." *Held,* that there was no agreement to issue a paid-up policy at any time, and there was no right of action, before the assured's death, to determine the rights of his children in the policy.

2. SAME.
    Nor did the non-payment of premiums entitle the company to ask for the surrender and concellation of the policy by way of affirmative relief. There was no right of action by either party until the death of the assured.

3. SAME—JUDGMENT.
    The only proper judgment was the dismissal of the case, and it was improper to incorporate therein findings showing the reasons for the judgment.

Appeal from special term, New York county.

Action by Lansing D. Lyon, Clarence W. Lyon, and Clara M. Lyon against the Union Mutual Life Insurance Company of Maine. Judgment dismissing the action and making certain findings. Defendant appeals. Modified.

Argued before VAN BRUNT, P. J., and LAWRENCE and O'BRIEN, JJ.

*Sawyer & Getty*, for appellant. *George W. Van Slyck*, for respondents.

VAN BRUNT, P. J.    This action was brought to have declared the interest of the surviving children of James W. Lyon in and to a policy of insurance issued by the defendant upon the life of their father, as being in full force against said defendant upon the death of said Lyon, or for the delivery of a paid-up policy for said interest or amount.    The defense set up in the answer is, in substance, that Lyon, the insured, paid a portion only of the premium in cash during the period of 10 years after the issuing of the premium, and gave the defendant a premium note for the residue, and that the interest on said note has not been paid, and that said policy by reason thereof has become and now is forfeited.    It then alleges the amount of the note as a set-off against any claim the plaintiff might have under the policy; and demands affirmative relief, that the amount of said note be adjudged to be a set-off, and that it should be adjudged that none of the annual premiums have been promptly and fully paid, and that said policy is wholly void and wholly forfeited, and should be delivered up by plaintiff to be destroyed.    It appears from the evidence that by the policy the defendant agreed to pay upon the death of Lyon the sum of $5,000 to his surviving children, share and share alike, in consideration of the payment of the annual premium of $323.25, the payment of the premiums to cease after 10 years.    And the policy also continued the following provision: "And it is hereby understood and agreed that, after two or more of said annual premiums have been fully paid, this policy becomes a paid-up non-forfeiture for an amount equal to a sum of one-tenth of that hereby insured for each and every premium which shall have been so paid, requiring no further payment of premiums, subject to no assessments, but entitled to its apportionment of the surplus accumulation in the ratio of its contribution thereto." And the learned judge held that the court could not require the defendant to issue a paid-up or any kind of policy; that there was no such agreement in the policy in question, and no agreement to do anything until the death of the assured, which had not yet happened; that upon the happening of that event the defendant agreed, upon compliance by the assured with certain conditions, to pay to his surviving children the sum of $5,000, or a smaller sum in case the premiums were not all paid, but it had not agreed to issue any further policy or instrument of any kind.    This seems to be clearly sustained by the language of the policy.    There is no agreement to issue any policy. All the rights of the parties, whatever they may be, to a recovery, depend upon the original policy, and are to be governed by it; and their rights under that original policy can only be determined when a cause of action thereunder arises.

In respect to the relief asked for by the defendant, that the policy should be declared null and void, and wholly forfeited, and delivered up to be destroyed, because of the non-payment of the annual premiums provided for by the policy, the learned judge said: "It is clear that the defendant is not entitled to this relief.    If, by reason of the non-payment of the premiums, there has been a forfeiture of the policy, that defense can be interposed when any attempt is made to enforce the policy, and no reason exists to justify a judgment, at this time, that the policy has or has not been forfeited." This was a clear and sound exposition of the law, and this was all that it was necessary for the court to decide in order to determine the issues which were properly before it.

But the learned judge went further, and found that the annual premiums had been paid, as agreed upon, to a certain extent, and in his judgment adjudged that the defendant was not entitled to a judgment declaring the policy to be wholly forfeited, but that the said policy had not been wholly forfeited by reason of the action of the plaintiffs and said James W. Lyon in not paying the interest upon the note after the year 1883; and also adjudged that by reason of the failure to pay the amount due on the outstanding premium note, and the interest thereon after the year 1883, and the consequent ab-

sence of any refusal on defendant's part to accept the same, the defendant was not entitled to relief in the action; and also that the contingency upon which the defendant had agreed to pay said sum of $5,000, to-wit, the death of James W. Lyon, had not yet arrived; and, finally, that the plaintiffs were not entitled to any relief in this action, and that the complaint should be dismissed. We think that the only judgment which should have been rendered was a dismissal of the complaint. The court had decided that the plaintiffs were not entitled to any relief, and that the defendant was not entitled to any relief. The reasons why formed no part of the judgment. The court had decided that, because the assured was alive, the plaintiffs had no standing in court. It also decided that, whatever may be the facts in reference to the payment of these premiums, if they were unpaid that was a defense which might be availed of by the defendant when called upon to pay the policy upon the death of Lyon, and therefore all discussion as to the payment of those premiums was immaterial, and had no relevancy to the result which must necessarily be reached, and was therefore improper. The judgment should be modified by striking out the 1st, 2d, and 3d paragraphs thereof, and affirmed as to the 4th paragraph thereof, without costs to either party.

All concur.