JOHN W. KERR, Appellant, v. THE UNION MUTUAL LIFE INSURANCE COMPANY, Respondent.

69h    393
77 AD 342

*Life insurance for the benefit of a wife — the wife is not a necessary party to an action to obtain a paid-up policy and an accounting as to accumulations — insufficiency of the complaint.*

A person who takes out a policy of insurance on his own life for the benefit of his wife, is a trustee of an express trust, within the terms of section 449 of the Code of Civil Procedure, and if a cause of action accrues on the policy in his lifetime, he may bring suit thereon in his own name without joining his wife.

The complaint in an action brought by the insured against a life insurance company alleged the issuance of a policy which contained the following clause :

" And it is hereby understood and agreed that after two or more of said annual premiums have been fully paid this policy becomes a paid-up, non-forfeiture policy, for an amount equal to the sum of one-tenth of that thereby insured for each and every premium which shall have been so paid, requiring no further payments of premiums, subject to no assessments, but entitled to its apportionment of the surplus accumulation in the ratio of its contribution thereto." The complaint also alleged the payment of five annual premiums by the plaintiff, and that the defendant company had a surplus accumulation, and demanded judgment that an account be taken to ascertain the surplus accumulation on the policy, and that the defendant be directed to pay such sum to the plaintiff, or issue and deliver to him a paid-up policy for the same.

*Held,* that the clause of the policy set forth would not support the action, for the reason that it appeared therefrom that the policy by its terms became, on the payment of two or more premiums, a paid-up, non-forfeiture policy, and the court would not require the defendant to issue a new or other policy of the same kind in legal effect; nor would the court on that clause alone compel the defendant to account and pay over to the plaintiff the *pro rata* surplus earnings, since they would not, by that provision of the policy, be due until the death of the plaintiff.

The complaint further alleged that the plaintiff requested an accounting with the defendant of the ratio of the policy's contribution to the surplus accumulation of the defendant, and that the defendant repeatedly promised and agreed to state and render said account, and issue to the plaintiff a paid-up policy for the amount of said ratio, but has failed and neglected so to do.

*Held,* that this agreement was not sufficient to constitute a cause of action, since it was void for want of consideration.

APPEAL by the plaintiff, John W. Kerr, from a final judgment of the Supreme Court in favor of the defendant, sustaining a demurrer to the complaint and dismissing the complaint, entered in the office of the clerk of Ulster county on the 1st day of February, 1892, with notice of an intention to bring up for review upon such appeal the interlocutory judgment entered in said clerk's office on the 5th day of January, 1892, and the order entered in said office on the 31st day of December, 1891, upon which said final judgment was entered.

*A. Van Buren,* for the appellant.

*Robert P. Getty,* for the respondent.

MAYHAM, P. J. :

The complaint alleged the issuing to the plaintiff by the defendant of a life policy on the plaintiff's life for $3,000, in consideration

of the payment by the plaintiff of an annual premium of $213 each year for ten successive years for the benefit of Elizabeth Kerr, plaintiff's wife.

The complaint then set out *in hæc verba* the condition of the policy as follows : "And it is hereby understood and agreed that after two or more of said annual premiums have been fully paid, this policy becomes a Paid-Up, Non-Forfeiture Policy, for an amount equal to the sum of one-tenth of that hereby insured for each and every premium which shall have been so paid, requiring no further payments of premiums, subject to no assessments, but entitled to its apportionment of the surplus accumulation in the ratio of its contribution thereto."

The complaint alleged that the plaintiff paid five annual premiums on the policy.

The complaint further alleged that the plaintiff requested an accounting with the defendant, of the ratio of said policy's contribution to the surplus accumulation of said defendant and that defendant repeatedly promised and agreed to state and render said account and issue to the plaintiff a paid-up policy for the amount of said ratio, but has failed and neglected to do so.

The complaint also alleged that the defendant had a large surplus accumulation during all the times of the transaction set out in the complaint.

The complaint also set out a second cause of action on another policy of insurance on his life for $5,000, on substantially the same terms, and rate of premium being for $225 annual premiums which the plaintiff had paid annually for about five years, for the use and benefit of the said Eliza D. Kerr, or in case of her death, her surviving children.

The complaint then demanded judgment that an account be taken between the plaintiff and defendant in order that the surplus accumulations on each of the policies might be ascertained, and that the defendant be directed to pay such sum to the plaintiff, or issue and deliver to him a paid-up policy or policies for the same.

To this complaint the defendant interposed the following demurrer :

"The defendant demurs to the complaint of the plaintiff herein, and states the following as the ground thereof :

" *First.* That there is a defect of parties plaintiff in that Eliza D. Kerr, the wife of the plaintiff, is a necessary party plaintiff.

" *Second.* That causes of action have been improperly united, in that the first cause of action stated in complaint does not affect the children of the plaintiff, while the second cause of action does.

" *Third.* That the complaint does not state facts sufficient to constitute a cause of action.

" The defendant further demurs to the first cause of action separately, and states, as the grounds thereof, that there is a defect of parties plaintiff, in that Eliza D. Kerr, the wife of plaintiff, is a necessary party plaintiff, and also that the said first. cause of action as stated therein does not state facts sufficient to constitute a cause of action.

" The defendant also demurs to the second cause of action separately on the following grounds :

" *First.* That there is a defect of parties plaintiff in that Eliza D. Kerr, wife of plaintiff, is a necessary party plaintiff, and also that the surviving children of the plaintiff are necessary parties plaintiff.

" *Second.* That the said cause of action as alleged does not state facts sufficient to constitute a cause of action."

This demurrer was sustained by the trial judge and the defendant had leave to enter an interlocutory judgment, with costs, with leave to the plaintiff on payment of costs within twenty days to amend his complaint, and in default of which defendant was to have judgment dismissing the plaintiff's complaint, with costs.

The appellant failed to pay the costs and amend the complaint, and after twenty days from the serviece of the same the defendant entered judgment dismissing the complaint, and from that judgment and the order for interlocutory judgment the appellant appeals.

The first question raised by this demurrer is, is there a defect of parties plaintiff appearing upon the face of the complaint ? The complaint upon its face shows that the policy is for the use and benefit of his wife. Standing upon that allegation alone, the wife, on the execution and delivery of the policy, became the party in interest in the same, and to any action which might affect her interest therein, she would be a proper and necessary party, unless the plaintiff, who made the contract of insurance, was a trustee of an express trust. (Code Civ. Pro. § 449.)

The policy on its issuance became the property of the beneficiaries named in it.

Mrs. Kerr, therefore, became the beneficial owner of the first policy on its delivery to the plaintiff, and as the complaint does not show that she had children, the same for the purposes of the questions raised on this complaint is true of the second policy, and the plaintiff became her agent only for the purpose of perfecting the same. (Chap. 80, Laws of 1840; *Whitehead* v. *N. Y. Life Ins. Co.*, 102 N. Y. 143.)

Did that make her a necessary party in an action by the plaintiff upon that policy? We think not. The section of the Code above referred to requires every action to be prosecuted in the name of the real party in interest. Except that executors, administrators, trustees of an express trust, and persons expressly authorized by statute may sue without joining with them the persons for whose benefit the action is prosecuted.

The same section defines a trustee of an express trust to be "A person with whom, or in whose name, a contract is made for the benefit of another." Within this language, the plaintiff, who made this contract for the benefit of his wife, may sue without joining her with him.

The remaining question is, does the complaint state facts sufficient to constitute a cause of action? If this question is to be answered alone upon the terms of the policy set out in the complaint, I am clearly of the opinion that the answer would be in the negative.

Assuming the clause of the policy set out in the complaint is to control, then no cause of action would exist in favor of the plaintiff, for the reason that the policy, by its terms, became, on the payment of two or more premiums, a paid-up, non-forfeiture policy, and the court would not require a new or other policy of the same kind in legal effect. Nor would the court, on that clause alone, compel the defendant to account and pay over to the plaintiff in money the *pro rata* surplus earnings for the reason that they would not, by that provision of the policy, be due until the death of the plaintiff. (*Lyon* v. *The Union Mut. Life Ins. Co.*, 17 N. Y. Supp. 756, 757.)

But the complaint does not stop with that recital from the policy. It sets up an agreement on the part of the defendant to state an

account of these policies and issue to the plaintiff a paid-up policy for the amount of the ratio as fixed in the terms of the policy.

It is difficult to see upon what grounds such an agreement, if made, can be enforced, if it be held, as I think it must, that by the terms of the policy it became a paid-up policy on the payment of the premiums, without liability of forfeiture for non-payment of future premiums, and without any agreement in the policy itself for accounting or payment during the lifetime of the assured.

I think the agreement as stated in the complaint is void for want of consideration, and that for that reason it does not contain facts constituting a cause of action, and that the demurrer was properly allowed by the trial court, and the judgment must be affirmed, with costs.

PUTNAM and HERRICK, JJ., concurred.

Judgment affirmed, with costs.