(50 App. Div. 416.)

McCOUBRAY v. ST. PAUL FIRE & MARINE INS. CO.

(Supreme Court, Appellate Division, Second Department.   April 14, 1900.)

1. INSURANCE POLICY—REFORMATION AFTER LOSS.
     When a policy of insurance in the name of the plaintiff, and on her
     property, was about to expire, her husband took it to a local agent, and
     told him to make out one in the defendant company in the "same name."
     The agent wrote the new policy in the name of the husband, who re-
     turned it, and requested the agent to change it to his wife's name, which
     the agent neglected to do.   *Held*, that equity would reform the policy to
     read in the wife's name, after a loss.

2. SAME—PROOF OF LOSS—WAIVER.
     Where the local agent of the defendant insurance company told plaintiff
     at the time the general agent appraised the property, after the loss, that
     he need not make any proof of loss, and that, if he was not satisfied with
     the appraisement, the company would make a new one, and offered to pay
     the amount specified in the appraisement, the company thereby waived
     proof of loss.

Appeal from special term, Orange county.

Action by Mary A. McCoubray against the St. Paul Fire & Marine
Insurance Company.   From a judgment in favor of plaintiff, defend-
ant appeals.   Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH,
and WOODWARD, JJ.

William D. Murray, for appellant.
W. F. O'Neill, for respondent.

GOODRICH, P. J.   The action is brought to reform a policy of
fire insurance issued by the defendant, and to recover the amount of
the policy as reformed.   The policy in question insured the husband
of the plaintiff for three years against loss by fire, to the amount of
$1,400, on a frame dwelling, and $100 on a barn, both situated in
Wurtsboro, Sullivan county; loss, if any, first payable to mortgagee
as interest may appear.   The property was owned by the plaintiff,
and had been previously insured in her name by the Nassau Insur-
ance Company, through J. E. Winter, an insurance agent at Bloom-
ingburg, who is the person named in the present policy as the agent
of the defendant company whose signature was required to validate
the policy.   At the time of obtaining the policy, Joseph handed Win-
ter the Nassau policy, and told him to make out one in the defend-
ant company in "the same form, same name, and same amount."
Winter sent the policy to Joseph, who said that it was wrong, as the
insurance had always been in his wife's name, and asked him to have
the change made.   In procuring the insurance, and in the subse-
quent proceedings, Joseph was acting for his wife.   On several later
occasions Joseph asked Winter to correct the policy, and gave it to
him for that purpose, but it was never changed.   The property was
destroyed by fire on May 10, 1897.   McWilliams, of Middletown,—a
general agent of the company,—called upon Joseph about June 5,
1897, when the matter of correction was again mentioned, and a
rough estimate of the loss made.   On June 10th McWilliams again
called, and offered to pay the loss, at $1,042, which was refused.

There was some conversation at the last interview, also, in respect to proofs of loss, Joseph saying to McWilliams that he would get some one to make out the proofs of loss and serve them; and he was told by McWilliams that he need not do so; that, if he was dissatisfied with the appraisal, the company would make out a new one.  On June 5th Joseph, in his own name, and the company, through its general agent, Mr. Whiton, made an agreement for the submission to appraisers of the question of the amount of loss, and the damages were appraised on June 17th at $1,042.29.  McWilliams testified that he prepared proofs of loss, which were produced on the trial, but they do not seem to have been signed by the plaintiff or her husband.  There was other evidence on behalf of the plaintiff tending to show that she did not know the policy was issued in her husband's name instead of her own, that she never authorized him to enter into any agreement for the appraisal of the property, and that she told McWilliams that she "would not stand by it at all, because there was an error in it, and she would not accept the amount that was in." McWilliams testified that he did not know that the property belonged to the wife before the day on which he went to get the proofs of loss signed.  It is evident, on uncontroverted proof, that Winter, the local agent of the defendant, and the one through whom the policy was obtained, was informed when it was issued that the property belonged to the plaintiff, and was instructed to make out the policy in her name; that, when his attention was called to the erroneous use of Joseph's name, he promised to have the error corrected; and that that promise was made on several subsequent occasions.  In such circumstances, equity requires the reformation of the policy,—all the more that the policy, as usual, was drawn by the defendant.  Hay v. Insurance Co., 77 N. Y. 235.  And this is true even after the occurrence of a loss.  Van Tuyl v. Insurance Co., 55 N. Y. 657.  On the evidence, the court was justified in finding that the plaintiff was entitled to a reformation of the policy, and to a finding that the amount of damage was $1,042.29.

The defendant claims that there was no waiver of service of proofs of loss.  The evidence already cited, together with the letters from Whiton, the general manager of the company in New York, is sufficient to establish such waiver.  One of such letters was dated June 18th, and addressed to McWilliams' firm.  It stated that the appraisal had been made at the amount already referred to, that proof of loss was inclosed, and that, when it was made up in proper shape and returned, the loss would be paid.  But as the company, through McWilliams, had previously, and on the 10th of June, offered to pay the amount of the award without proof of loss, the evidence is sufficient to establish a waiver of such proof.  The waiver, having been made on the 10th of June, cannot be recalled by the company.  We see no reason to differ with the finding and decision at special term, and the judgment should be affirmed.

Judgment affirmed, with costs.  All concur, except HIRSCHBERG, J., not sitting.