---

(77 App. Div. 338.)

HUNT v. PROVIDENT SAV. LIFE ASSUR. SOC. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 5, 1902.)

1. TRUSTEE—REFORMING LIFE POLICY.
    One who insures his life stands in the relation of trustee of an express trust to the assignee of the interest of the beneficiaries, within Code Civ. Proc. § 449, so that he may maintain action to reform the policy as to premiums to be paid.

2. LIFE POLICY—ACTION TO REFORM—DEATH OF PLAINTIFF—SUBSTITUTION.
    On the death of insured after commencement of action by him to reform the policy as to premiums to be paid and to recover the surrender value of the policy for breach of contract by the insurer, the assignee of the interest of the beneficiaries may be substituted as plaintiff, under Code Civ. Proc. § 757, so far as he is merely the successor to the cause of action set up in the original complaint, and under section 756 as assignee of the entire claim.

3. SAME—SUPPLEMENTAL COMPLAINT—CHANGING CAUSE OF ACTION.
    The insured dying pending action by him to reform the policy on his life as to premiums to be paid, and the assignee of the beneficiaries' interest being substituted as plaintiff, he may, under Code Civ. Proc. § 544, file a supplemental complaint asking for the reformation and a recovery of the full amount secured by the terms of the policy, this not setting up a new cause of action, or changing the character of the relief demanded, except in degree.

    Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Action by William Wilkinson against the Provident Savings Life Assurance Company of New York. On death of said plaintiff, John E. Hunt moved to continue the action in his name, and for leave to serve a supplemental complaint. From the part of an order granting the first part of the motion defendant appeals, and from the part of the order denying leave to serve the supplemental complaint Hunt appeals. Reversed on Hunt's appeal.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-LIN, O'BRIEN, and INGRAHAM, JJ.

A. Delos Kneeland, for plaintiff.
R. B. Alderoftt, Jr., for defendant.

HATCH, J.   This is an equitable action commenced by William Wilkinson, now deceased, by the service of a summons and complaint on or about the 27th day of October, 1899, for the purpose of obtaining a reformation of a policy of life insurance issued by the defendant upon the life of Wilkinson, and to recover the value of the policy as reformed; also to obtain an accounting for premiums paid, and for such other relief as the facts should warrant. It appeared by the complaint in the action served by Wilkinson that he had been insured by the defendant corporation and held a policy therein, in which the premiums required to be paid increased in amount at irregular intervals as the age of the insured increased. In July, 1891, he applied to the defendant to surrender such policy and obtain instead thereof a new policy, under which the premiums would fall due at regular intervals and should not increase in amount. Negotiations were had to that end between the assured and the agent of the defendant, resulting in an agreement upon the part of the defendant to issue to the assured a policy, in place of the one then held by him, at a level-rate premium, which should not increase or vary during the life of the assured.   After such negotiations and agreement, the assured surrendered to the defendant the policy then held by him, and received in place thereof a new policy, which was represented by the officers and agents of the defendant to be on the level-rate plan, with fixed premiums payable quarterly.   For about seven and one-half years after the delivery of this policy the assured· paid to the defendant a fixed rate of premium in regular quarterly installments.   In December, 1898, the defendant sent to the assured a notice demanding a premium largely in excess of the premiums theretofore paid upon the last policy.   Before the premium thus demanded became due, the assured tendered to the defendant the amount of premium theretofore paid upon the policy at the level rate; but the defendant refused to receive the same, and insisted upon the payment of premiums as demanded in its notice.   The assured had then reached the age of 67 years, and it was impossible for him to obtain insurance upon his life in any reputable insurance company, except at a greatly increased rate of premium.   Thereupon he brought this action, asking for a reformation of the policy of insurance, if it should be determined that in and by its terms the defendant was entitled to demand and receive the payment of premiums at an increased and increasing rate, or that the policy be construed and held to be a level-rate policy not subject to an increasing premium, in accordance with the agreement of the parties as made at the time of the surrender of the first policy; that the defendant be required to accept the premium at the level rate as paid when the policy was first issued, for the remainder of the life of the assured, that he recover the value of the policy as reformed, and for

such other and further relief as to the court might seem just and equitable.

Under the policy the subject of this action, the plaintiff's three sons were named as the beneficiaries therein. By an assignment in writing under date of February 18, 1897, and filed with the defendant, the three beneficiaries transferred all their interest therein to Rebecca Wilkinson, the wife of the assured. The defendant answered, denying the material allegations of the complaint, and alleging that by reason of the assignment to Rebecca Wilkinson, the wife of the plaintiff, her husband was not the real party in interest, and that, as the holder and owner of the policy, she was the only party in interest. The answer further averred an agreement of settlement, and a counterclaim, praying for a specific performance of such agreement, and for other and further relief. The plaintiff served a reply to the counterclaim, the issues were noticed for trial, and the cause placed upon the calendar. Before the case was reached for trial, and on September 3, 1900, the plaintiff died. Thereafter Rebecca Wilkinson filed with the defendant proof of the death of the assured, and in December, 1901, assigned to John E. Hunt, the substituted plaintiff, all of her claim under the policy of insurance, and all of her right, title, and interest in the cause of action then pending thereon.

On June 9, 1902, the assignee Hunt moved at special term, on notice, for an order reviving the action and substituting him as plaintiff in the place and stead of said Wilkinson, that the summons and pleadings in the action be amended accordingly, and also for leave to serve a supplemental complaint setting up facts in relation to the death of William Wilkinson, and the assignment to him of the cause of action, and asking therein for judgment that the policy be declared to be a level-rate policy according to its terms and conditions, and that the plaintiff recover judgment thereon for the sum of $10,000, with interest and costs. The court granted the motion to the extent of substituting Hunt as plaintiff in the action and continuing the same in his name, but denied leave to serve the proposed supplemental complaint. From so much of the order as denied leave to serve the supplemental complaint, the plaintiff has appealed; and from the order permitting Hunt to be substituted as plaintiff, continuing the action in his name, and amending the pleadings accordingly, the defendant has appealed.

The action as originally brought by Wilkinson was properly brought in his name, even though he could never have any beneficial interest in the proceeds of the policy. He stood in relation to his wife as the trustee of an express trust, within the provisions of section 449 of the Code of Civil Procedure, and as such had a standing to maintain the action. Kerr v. Insurance Co., 69 Hun, 393, 23 N. Y. Supp. 619. And Hunt, as the successor in interest, is properly authorized to continue the action. Hale v. Shannon, 58 App. Div. 247, 68 N. Y. Supp. 803. So far as the substituted plaintiff is merely the successor to the cause of action set up in the original complaint, he is entitled to be substituted as party plaintiff, by virtue of section 757 of the Code of Civil Procedure. If it should be held that he took no interest therein as the successor in interest of

Wilkinson or his wife, nevertheless he holds, as assignee, the entire claim, and succeeds to all rights and interests therein by virtue of his assignment, and would therefore be properly substituted as the plaintiff in the action by virtue of the provisions of section 756 of the Code. It is evident, therefore, that the plaintiff, no matter how his status be viewed, had the right to be substituted as plaintiff in the action, and to prosecute the same to judgment for the relief demanded. The order to this extent will, therefore, be sustained.

We are also of opinion that the substituted plaintiff should have been permitted to serve the supplemental pleading, as he is entitled to have such equitable relief in the action as his proofs establish, and also to recover the full amount secured by the terms of the policy, if the liability of the defendant be established to exist thereunder. It is no objection to the complaint, or to the right of recovery, that it demands a reformation of the instrument which is the subject of the action, and also asks to recover the sum secured to be paid thereunder. It is well established that a plaintiff is entitled to maintain such an action for such relief. McCoubray v. Insurance Co., 50 App. Div. 416, 64 N. Y. Supp. 112, affirmed on appeal, 169 N. Y. 590, 62 N. E. 1097. Leave to serve the supplemental complaint seems to have been denied by the learned court below upon the ground that it was sought to inject a claim into the action which could not have been asserted by the original plaintiff, and to set up a new and totally different cause of action from that averred in the original complaint. It is evident that this ground is untenable. It is to be observed that the action, as originally commenced, was equitable in its character. It not only sought to obtain a reformation of the contract of insurance, but it also asked that the plaintiff be awarded damages thereunder, and that he recover the amount of the surrender value of the policy. This cause of action continues to exist; the supplemental complaint simply seeks to plead the new facts which have arisen affecting the transaction since the action was commenced. All of the facts sought to be set up in the supplemental complaint are connected with and directly arise out of the contract between the assured and the defendant; and the right of recovery in the substituted plaintiff, if his proof shows it to exist, is based entirely upon such contract. The action in no sense ceases to be an equitable action. The substituted plaintiff stands upon his right to a reformation of the policy of insurance. The right to recover the whole amount of the sum secured to be paid by its terms is based upon the contingency for which it provided, to wit, the death of the assured. The character of the relief demanded is not other or different, except in degree, from the character of the relief demanded by the assured in his action. Therein he asked for reformation and a money judgment. In the proposed supplemental complaint the same reformation is asked and a money judgment is demanded. The amount of the latter demand is increased, but that does not change the character of the action from what it was before. The assured demanded the recovery of a money judgment, based upon a breach of contract by the defendant, and such recovery, by virtue of the terms of the contract, was all he was entitled to re-

cover at that time. Upon his death, such right was immediately enlarged, but was not changed, the right to recover it in each instance being based upon the terms of the contract. Consequently, the cause of action under the proposed supplemental complaint remains the same; the degree of recovery alone may be modified. It is a well-settled equitable rule that where a cause of action in equity exists, and a proper action is brought to assert such right, the court will continue to exercise its jurisdiction over the same, and administer relief thereunder to the end of the case, upon the facts as they exist at the termination of the litigation. Peck v. Goodberlett, 109 N. Y. 180, 16 N. E. 350; Pond v. Harwood, 139 N. Y. 111, 120, 34 N. E. 768.

In the case relied upon by the court below (Lindenheim v. Railroad Co., 28 App. Div. 170, 50 N. Y. Supp. 886), the whole nature of the action was sought to be changed from an action at law, and one triable by a jury, to an action in equity to obtain an injunction. Under such circumstances it was properly held that a supplemental pleading was not permissible which worked such a result. Bush v. O'Brien, 58 App. Div. 118, 68 N. Y. Supp. 651, relied upon by the respondents, illustrates the rule in a different form. The cause of action therein attempted to be set up by the supplemental pleading did not exist when the action was brought. It averred a cause of action based upon an entirely different provision of law, not involved in the first action, against other parties, not then in existence nor affected by it, and was based upon a different state of facts. It was properly held that it was a new cause of action. All the cases relied upon by the respondent and the learned court below fall within the principles announced in the last two cases. They are all without application here, for reasons already stated. The facts in this case bring it clearly within the provisions of section 544 of the Code of Civil Procedure, and the supplemental pleading was, therefore, authorized.

It follows that the order of substitution should be affirmed, and that part of the order denying leave to serve a supplemental complaint should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs to the plaintiff.

O'BRIEN, INGRAHAM, and McLAUGHLIN, JJ., concur. VAN BRUNT, P. J., dissents.